**George H. YIANITSAS, Appellant,**

**v.**

**MERCANTILE NATIONAL BANK AT DALLAS et al., Appellees.**

**No. 16843.**

Court of Civil Appeals of Texas.

Dallas.

Jan. 20, 1967.

Richard S. Geiger, of Spafford, Freedman, Hamlin, Gay & Whitham, Dallas, for appellant.

Timothy E. Kelley and Norman R. Rogers, of Thompson, Knight, Simmons & Bullion, Dallas, for Mercantile Nat. Bank.

Ronald L. Neill and Robert G. McCain, of Carrington, Johnson & Stephens, Dallas, for H. B. and B. C. Hilton.

BATEMAN, Justice.

A summary judgment was rendered that the appellant George H. Yianitsas take nothing by his suit against the appellees Mercantile National Bank at Dallas and Mrs. Hassie B. Hilton for damages arising from his arrest, detention and prosecution for passing certain stolen traveler's checks.

In moving for summary judgment the appellees assumed the burden of showing that there was no genuine issue as to any material fact and that they were entitled to judgment as a matter of law. Rule 166–A, Texas Rules of Civil Procedure. In determining whether they have carried that burden we must disregard all conflicts in the evidence and view the evidence in the light most favorable to appellant, accepting as true all evidence which tends to support his position and resolving all doubts as to the existence of a genuine issue of material fact against appellees. If the motion involves the credibility of affiants or deponents, or the weight of their statements, or a mere ground of inference, the motion must be held to have been errone-

ously granted. Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., Tex.Sup.1965, 391 S.W.2d 41, 47.

With these precepts in mind, we have examined the affidavits and depositions presented in support of and in opposition to the motion, and find certain undisputed facts which we consider controlling.

Several traveler's checks, issued by Thomas Cook & Son, disappeared from the offices of Fred L. Haskett Travel Service. Some of them were cashed at the appellee Mercantile National Bank at Dallas, the appellee Mrs. Hilton being the bank's teller who handled the transaction. The police officer investigating the matter questioned Mrs. Hilton at the bank. She described the man for whom she cashed the checks as being "a short fellow, black-headed, dark-complected, and he looked like a foreigner," adding that he wore a dark suit and "was just real nice and had a wonderful personality." She also described him as being shorter than she was and as having black hair, although appellant was in fact two inches taller than she and had predominantly gray hair. She pointed him out as one of a group in a newspaper photograph. Appellant was the one so identified. She also identified appellant as the man when he was brought in to the bank and again at the examining trial in the justice court. No one else so identified him. She also told the police officer, and testified at the examining trial, that the checks had the name "George Yianitsas" in the upper left corner and that the man signed that name on the checks when he presented them at her teller's window. However, the checks actually bore the name "Robert L. Bacigalipo" and were signed in that name by the man for whom they were cashed. Appellant was charged with theft of the checks but no-billed by the grand jury. He sustained damages in an undetermined amount. Neither of the appellees bore any malice toward appellant or had any reason for doing so. Neither of the appellees made any complaint against appellant or charged him with any wrongdoing. Mrs. Hilton did not volunteer as a witness at either the examining trial or the grand jury hearing, but appeared each time in response to a subpoena.

Appellant's three points of error on appeal all assert error in rendering summary judgment because there were genuine issues of material facts, viz., (1) as to whether appellees caused the criminal prosecution, (2) whether there was probable cause therefor, and (3) whether they were actuated by malice in doing so.

■ Since there was no evidence whatever that either Mrs. Hilton or any other employee or officer of the bank accused appellant of stealing or forging the checks, or passing or attempting to pass stolen or forged checks, we need not concern ourselves with his allegations of slander but will consider the case as one for malicious prosecution.

■ As stated in Flowers v. Central Power & Light Co., Tex.Civ.App., 314 S.W. 2d 373, 375, wr. ref. n. r. e.:

"The elements necessary for a malicious prosecution action are: 1) The commencement of a criminal prosecution against plaintiff, 2) which has been caused by the defendant or through defendant's aid or cooperation, 3) which terminated in favor of the plaintiff; 4) that plaintiff was innocent; 5) that there was no probable cause for such proceeding; 6) that it was done with malice, 7) and resulted in damages to the plaintiff."

Giving appellant the benefit of every doubt and indulging every legitimate inference in his favor, we find from the undisputed evidence that at least the first and sixth of the foregoing elements are absent in this case.

Appellant argues that, though neither of the appellees actually instituted the prosecution, or voluntarily procured it to be done, there was evidence that Mrs. Hilton's incorrect identification of appellant constituted such "aid or cooperation" as to put

appellees under the same responsibility as if they had commenced the prosecution. He relies on Meyer v. Viereck, Tex.Civ. App., 286 S.W. 894, wr. dism., Davis v. Teague, Tex.Civ.App., 256 S.W. 957, wr. dism., and Reed v. Lindley, Tex.Civ.App., 240 S.W. 348, no wr. hist. However, we see little if any similarity between the facts of those cases and the case at bar.

In Meyer v. Viereck the defendant's statement leading to the prosecution for murder was voluntarily made to a state ranger and was wholly fabricated. In Davis v. Teague the statement resulting in the prosecution was false and fraudulently made; and in Reed v. Lindley the defendant unquestionably commenced the criminal prosecution.

■ Here, however, Mrs. Hilton cannot be said to have done so. She did not accuse appellant of committing a crime or doing anything wrong. She did not request or even suggest that he be charged with any criminal offense. She did not even know his name. We are unwilling to hold that her actions, as shown by the undisputed evidence, constituted such "aid or cooperation" as would be tantamount to the commencement of a criminal prosecution. Her actions were altogether in the public interest, and to hold that they made her and her employer liable in damages would be against the public policy of this state as tending to discourage cooperation by the citizenry with its law enforcement officers in the apprehension of criminals and the suppression of crime.

As said by the Supreme Court of Texas in Sebastian v. Cheney, 86 Tex. 497, 25 S.W. 691, 694:

"It is important that every citizen should be protected against malicious prosecutions, and it is equally important that crimes should be punished, in order that the law-abiding citizen may be secure in life, liberty, and property. To make the citizen liable to be mulcted in damages for an honest discharge of duty is to give immunity to crime, and to weaken the restraining power of the criminal law, thereby endangering the security of law-abiding people."

See also Burgess v. Singer Mfg. Co., Tex.Civ.App., 30 S.W. 1110, no wr. hist.; Daughtry v. Blanket State Bank, Tex.Civ. App., 60 S.W.2d 272, no wr. hist.; Davidson v. First State Bank of Andrews, Tex. Civ.App., 310 S.W.2d 678, no wr. hist.; Moran Utilities Co. v Childs, Tex.Civ.App., 392 S.W.2d 536, wr. ref. n. r. e.; and Ware v. Wright, Tex.Civ.App., 252 S.W.2d 1003.

■ Moreover, the undisputed evidence in the record before us shows quite clearly that Mrs. Hilton was not actuated by malice or any other "sinister motive" in doing what she did. She had no ill will toward appellant and had no reason to have. She did not even know him and, so far as she knew, had never seen him before. Appellant argues that the jury should be allowed to infer malice from the mere fact that she was mistaken in her identification of him. We do not agree with appellant. If she was in error in making the identification it was obviously an innocent mistake and wholly insufficient to warrant an inference of malice.

■ The only ground of liability asserted against the Bank is under the doctrine of *respondeat superior*. Since we have held that it appears from the undisputed evidence that the employee Mrs. Hilton was not liable to appellant, it naturally follows that her employer could not be held liable under that doctrine. Even if Mrs. Hilton had actually commenced the criminal prosecution without probable cause and was actuated wholly by malice, there would still be no liability on her employer because such action on her part was neither authorized, participated in nor ratified by it. Genovese v. Butt, Tex.Com.App., 48 S.W.2d 587; Bennett v. Heath Furniture Co., Tex.Civ.App., 390 S.W.2d 505, no wr. hist.; Equitable Life Assurance Society v.

Lester, Tex.Civ.App., 110 S.W. 499, no. wr. hist.

As will be seen from the above, it is our opinion that there is no merit in any of appellant's points of error. They are accordingly overruled.

The judgment appealed from is

Affirmed.