**J. C. THOMAS, Appellant,**

v.

**Kathy CISNEROS, Appellee.**

**No. 13149.**

Court of Civil Appeals of Texas, Austin.

March 12, 1980.

Rehearing Denied April 2, 1980.

Jim H. Arnold, Jr., Austin, for appellant.

Philip Juarez, Austin, for appellee.

SMITH, Justice.

This appeal presents the questions of whether motion for summary judgment was sufficiently specific so as to allow consideration of certain grounds on appeal and whether appellee proved, as a matter of law, that she did not cause or aid or cooperate in the causation of an alleged malicious prosecution of the appellant. We hold that appellee's motion for summary judgment was sufficient to place the elements of causation, probable cause and malice before the court and that appellee negated, as a matter of law, the element of causation. Accordingly, the judgment of the trial court granting appellee's motion for summary judgment is in all things affirmed.

Appellant, J. C. Thomas, plaintiff in the court below, filed suit against appellee, Kathy Cisneros, for malicious prosecution. The trial court granted appellee's motion for summary judgment that appellant take nothing. It is from this take nothing judgment that appellant has perfected this appeal.

The controlling facts are undisputed. Appellant was an attorney employed by the State Board of Insurance as a hearing examiner. Appellee was also employed by the State Board of Insurance as a secretary in the Company License Division, performing a function which was in conjunction with appellant's work but not in a directly subordinate capacity or position. The parties did have official contact of some frequency.

In addition to her work at the State Board of Insurance, appellee was, at the time of the incident complained of, a member of the April, 1977, term of the Travis County Grand Jury. During this same period of time, the Travis County Grand Jury for the January term of 1977, which had extended its term to complete an investigation which concerned the State Board of Insurance, was also in session.

It is undisputed that between 11:00 and 11:30 A.M. on June 21, 1977, appellant walked up to appellee's desk at the Board of Insurance and engaged her in conversation. The fact that appellee had been out of the office and was working on a grand jury came up and appellant made a comment to the effect that, ". . . well, I hope you are not after the chairman, you might not be here the next day." This comment was obviously in reference to an investigation by a Travis County grand jury of Great Commonwealth Insurance Company and its regulation by the Board of Insurance. The conversation ended and later in the day appellee related the incident to the foreman of the Grand Jury of which she was a member, withholding the identity of appellant.

On June 23, 1977, at a meeting of the same Grand Jury, the District Attorney approached appellee and questioned her about the incident. She was very reluctant to disclose any details and refused to divulge appellant's identity. Subsequently, after repeated urging by the District Attorney, appellee did furnish appellant's name but refused to file a complaint against him.

The next day the District Attorney filed a complaint, *which he personally signed as a complainant,* charging appellant with "retaliation" as defined in Tex.Penal Code Ann. § 36.06 (1974). Subsequently, on March 7, 1978, the charges against Thomas were dismissed on motion of the District Attorney after Thomas passed a polygraph examination.

On June 19, 1978, appellant filed suit against appellee for damages arising out of this alleged malicious prosecution.

Initially, appellant complains that ". . . Appellee's Motion for Summary Judgment completely failed to state its grounds with specificity sufficient either to define the issues for summary judgment purposes or to provide Appellant with adequate information for opposing the motion."

Rule 166–A(c), Texas Rules of Civil Procedure (Supp.1980), provides that a ". . . motion for summary judgment shall state the specific grounds therefor . . . .. Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."

■ In judging the specificity requirement, we are to be guided by the sufficiency requirements as made applicable to pleadings by Rules 45(b) and 47(a), Texas Rules of Civil Procedure (1979). *Westchester Fire Insurance Co. v. Alvarez*, 576 S.W.2d 771, 772–3 (Tex.1978). Thus, grounds for summary judgment are sufficiently specific if they consist of a concise statement sufficient to give fair notice of the claim involved to the non-moving party.

Appellee's motion for summary judgment provided, in pertinent part:

"II. . . . . The undisputed summary judgment proof conclusively demonstrates that Defendant did not swear to any complaint against Plaintiff and that the complaint was signed and filed by the District Attorney. Any decision to institute criminal proceedings against Plaintiff was made by the District Attorney's Office, and as a matter of law, without the existence of any fact question, Defendant did not institute a criminal prosecution against Plaintiff, and Plaintiff's cause of action must fail.

"III. Plaintiff contends that Defendant caused a criminal action to be instituted against him and that Defendant's action was false, malicious and without probable cause. Plaintiff's cause of action must fail as a matter of law because an action for malicious prosecution cannot be based upon a criminal prosecution when Defendant in good faith simply makes a full

and fair statement of the facts to the prosecuting authority and the prosecuting authority makes a determination that a criminal prosecution can be sustained. . . . ."

■ The elements of malicious prosecution are:

(1) the commencement of a criminal prosecution against plaintiff;

(2) which has been caused by the defendant or through defendant's aid or cooperation;

(3) which terminated in favor of the plaintiff;

(4) that plaintiff was innocent;

(5) that there was no probable cause for such proceedings;

(6) that it was done with malice; and

(7) resulted in damage to plaintiff.

*Ellis v. Sinton Savings Association*, 455 S.W.2d 834, 836 (Tex.Civ.App.—Corpus Christi 1970, writ ref'd n. r. e.); *Flowers v. Central Power & Light Co.*, 314 S.W.2d 373, 375 (Tex.Civ.App.—Waco 1958, writ ref'd n. r. e.).

■ The above-quoted grounds for summary judgment gave fair notice of appellee's claims and were sufficiently specific to raise the grounds of lack of causation, probable cause, and malice.

"A defendant who seeks a summary judgment on the theory that the plaintiff's suit is without merit has the burden of establishing as a matter of law that there is no genuine issue of fact as to at least one essential element of plaintiff's cause of action." *Sanchez v. Garza*, 581 S.W.2d 258, 259 (Tex.Civ.App.—Corpus Christi 1979, no writ); *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970); *Citizens First National Bank of Tyler v. Cinco Exploration Company*, 540 S.W.2d 292 (Tex.1976).

■ Because we deem the element of causation to be determinative of this case, we will discuss only this issue. This element of malicious prosecution requires that the criminal prosecution be caused by the defendant *or through the defendant's aid or cooperation. Ellis v. Sinton Savings Associ-*

*ation, supra; Flowers v. Central Power & Light Co., supra.* It is not necessary for the defendant to have signed the complaint or to have communicated the subject matter to the person who did if the making of the statement proximately caused the prosecution that followed. *Meyer v. Viereck,* 286 S.W. 894, 897 (Tex.Civ.App.—Galveston 1926, writ dism'd). However, it is a corollary to this rule that ". . . if the defendant stated the facts fully and fairly to the District Attorney . . . and such officer determines that such facts constitute a crime and proceeds to formulate the necessary papers to set the prosecution in motion, the . . . defendant is not liable in an action for malicious prosecution, since if there is any fault, it is not the defendants'." *Ada Oil Company v. Dillaberry,* 440 S.W.2d 902, 912 (Tex.Civ.App.—Houston (14th Dist.) 1969, writ dism'd); *Meyer v. Viereck, supra; Sebastian v. Cheney,* 86 Tex. 497, 25 S.W. 691 (1894); 36 A.L.R.2d 786, 812 (1954).

▮ Public policy requires that there be wide latitude in reporting facts to prosecuting authorities in order that the exposure of crime not be discouraged. *Reed v. Lindley,* 240 S.W. 348 (Tex.Civ.App.—Fort Worth 1922, no writ).

The reasoning behind this corollary is succinctly stated in *Restatement (Second) of Torts,* § 653, Comment g (1977):

"INFLUENCING A PUBLIC PROSECUTOR. A private person who gives to a public official information of another's supposed criminal misconduct, of which the official is ignorant, obviously causes the institution of such subsequent proceedings as the official may begin on his own initiative, but *giving the information or even making an accusation of criminal misconduct does not constitute a procurement of the proceedings initiated by the officer if it is left entirely to his discretion to initiate the proceedings or not.* When a private person gives to a prosecuting officer information that he believes to be true, and the officer in the exercise of his uncontrolled discretion initiates criminal proceedings based upon that information, the informer is not liable . . . even though the information proves to be false and his belief was one that a reasonable man would not entertain. *The exercise of the officer's discretion makes the initiation of the prosecution his own and protects from liability the person whose information or accusation has led the officer to initiate the proceedings.*

"If, however, the information is known by the giver to be false, an intelligent exercise of the officer's discretion becomes impossible, and a prosecution based upon it is procured by the person giving the false information. *In order to charge a private person with responsibility for the initiation of proceedings by a public official, it must therefore appear that his desire to have the proceedings initiated, expressed by direction, request or pressure of any kind, was the determining factor in the official's decision to commence the prosecution, or that the information furnished by him upon which the official acted was known to be false.*" (Emphasis added).

▮ The parties are in substantial agreement as to the occurrence of the conversation between appellant and appellee, its factual content, and that both were fully disclosed to the District Attorney. However, appellant asserts that a "full and fair disclosure" also required appellee to disclose his reputation as a jokester and his knowledge that she was not serving on the Grand Jury investigating the Insurance Commission.

Appellee was only required to state the objective facts as they were known to her. Any statements by her as to appellant's reputation around the Insurance Commission or the knowledge of others as to her grand jury assignment would have been objectionable at trial as hearsay. *Box v. Bates,* 162 Tex. 184, 346 S.W.2d 317 (1961). These were not the kind of objective facts that a "full and fair disclosure" would require.

▮ Furthermore, appellee had no duty to investigate appellant's motives or state

of mind. It is undisputed that the facts that were given to the District Attorney were true. Having received this information revealing a possible crime, it was the duty of the District Attorney to investigate and determine whether appellant had been joking, whether he knew that appellee was not on the grand jury investigating the Insurance Commission, and any other circumstances material to the *mens rea* required by Section 36.06 of the Penal Code. *Carswell v. Southwestern Bell Telephone Co.*, 449 S.W.2d 805, 817 (Tex.Civ.App.—Houston (1st Dist.) 1969, no writ); *Missouri, K. & T. Ry. Co. v. Groseclose*, 110 S.W. 477, 479–80 (Tex.Civ.App.—1908, no writ). Since appellee was not required to relate appellant's knowledge and motives, it is then undisputed that she made a full and fair disclosure of the material facts to the District Attorney.

It should be pointed out that appellee was under court order to reveal any communication concerning the Grand Jury to the foreman.

By written order signed by the district judge who empanelled the Grand Jury of which appellee was a member, the Grand Jury was instructed as follows:

". . . all unofficial communications to the Grand Jury are improper. *Any such communications received by a member of the Grand Jury should be at once handed to the foreman;* and every grand juror should keep constantly in mind that he must not discuss matters pending before the Grand Jury with any person whomsoever outside the Grand Jury Room. . . ." (Emphasis added).

Under these instructions from the court, appellee's acts in reporting the conversation with appellant to the Grand Jury were required as a part of her duty as a grand juror.

After appellee made the report to the Grand Jury, the District Attorney was informed of these facts by some unidentified member of the Grand Jury. He confronted appellee with the incident, but she refused to reveal any information. Finally, she agreed to be a witness if someone could be found to corroborate her story. This was the extent of her involvement in the prosecution.

Presumably, the District Attorney investigated the allegations and determined that a complaint should be filed. The complaint that was filed was signed by the District Attorney personally as the complaining witness. Neither party advocates the position that appellee's desire to have the proceedings initiated was the determining factor in the institution of the proceedings. On the contrary, the record shows it was not. The summary judgment proof established that the criminal charges were filed by the District Attorney as a unilateral exercise of his discretion. This made the prosecution the sole endeavor of the District Attorney and completely insulated appellee from any liability for malicious prosecution. *Ada Oil Co. v. Dillaberry, supra; Green v. Meadows*, 517 S.W.2d 799, 808 (Tex.Civ.App.—Houston (1st Dist.)), *rev'd on other grounds*, 524 S.W.2d 509, *on remand*, 527 S.W.2d 496 (1975).

As appellee negated, as a matter of law, appellant's essential causation element, the trial court properly granted appellee's motion for summary judgment. *Gibbs v. General Motors Corporation, supra; Citizens First National Bank of Tyler v. Cinco Exploration Company, supra.*

Accordingly, the judgment of the trial court that appellant take nothing is hereby affirmed.

Affirmed.