Sam **FISHER**, Appellant,

v.

Walter **BEACH**, Jr., **Appellee.**

No. 05–82–01171–CV.

Court of Appeals of Texas,
Dallas.

March 1, 1984.

Jack N. Price, Austin, for appellant.

Gerald R. Powell, Vial, Hamilton, Koch, Tubb & Knox, Dallas, for appellee.

Before STOREY, SPARLING and GUILLOT, JJ.

SPARLING, Justice.

Appellant Fisher appeals a summary judgment granted appellee Beach dismissing Fisher's claims for defamation and malicious prosecution. The trial court held that the summary judgment proof established as a matter of law that Beach did not institute legal proceedings against Fisher and that the slander claim was barred by the statute of limitations. We do not agree that Beach negatived all issues of material facts as to Fisher's malicious prosecution claim, but we agree that the slander claim was barred by limitations. Accordingly, we reverse in part and affirm in part.

Fisher, a used-car distributor, financed his business through an Atlanta, Texas, bank of which Beach was president. Beach drew a draft against the account of Fisher's wife in a Texarkana bank. The $25,-325.00 draft was made payable to the Atlanta Bank and signed "Edith Fisher by Walter Beach." Fisher notified the Texarkana bank to return the draft to the Atlanta bank. Beach reported the incident to federal banking authorities, the FBI, and the attorney general's office, charging that Fisher had authorized the Atlanta bank to draw against his wife's account. Fisher contended that he never authorized a draft but simply signed a promissory note. Fisher later was indicted on four counts of theft and acquitted of all charges.

### Summary Judgment

A defendant seeking summary judgment must prove that no genuine issue of fact exists as to at least one element of the plaintiff's cause of action and that as a matter of law he is entitled to judgment.

TEX.R.CIV.P. 166–A; *Wesson v. Jefferson Savings & Loan Association,* 641 S.W.2d 903 (Tex.1982). Evidence that tends to support the position of the nonmovant is accepted as true. *Mostek Corp. v. Chemetron Corp.,* 642 S.W.2d 20 (Tex.Civ.App.— Dallas 1982, no writ); *Cox v. Bancoklahoma Agri-Service Corp.,* 641 S.W.2d 400 (Tex.App.—Amarillo 1982, no writ). The issue on appeal is whether the grounds presented by the movant's motion are insufficient as a matter of law to support summary judgment. *Cox,* 641 S.W.2d at 402.

### Malicious Prosecution

■ To prevail on his claim for malicious prosecution, Fisher must prove that Beach, acting with malice and without probable cause, caused a prosecution which terminated in acquittal and resulted in damage. *Thomas v. Cisneros,* 596 S.W.2d 313 (Tex. Civ.App.—Austin 1980, writ ref'd n.r.e.); *Terk v. Deaton,* 555 S.W.2d 154 (Tex.Civ. App.—El Paso 1977, no writ); *Parker v. Dallas Hunting & Fishing Club,* 463 S.W.2d 496 (Tex.Civ.App.—Dallas 1971, no writ). The parties do not dispute that Fisher was prosecuted and acquitted. We hold that the summary judgment proof reveals factual issues as to proximate causation, probable cause, and malice.

### Proximate Cause

■■ If Beach fully and fairly stated the facts to the prosecuting officer he did not, as a matter of law, cause the prosecution. *Cisneros,* 596 S.W.2d at 317; *Ada Oil Co. v. Dillaberry,* 440 S.W.2d 902 (Tex. Civ.App.—Houston [14th Dist.] 1969, writ dism'd). If, on the other hand, he falsely represented the facts or failed to disclose all pertinent facts, proximate cause may be established. *K. & T. Railway Co. of Texas v. Groseclose,* 134 S.W. 736 (Tex.Civ.App. 1911, writ ref'd). Beach is not immune from liability simply because another signed the complaint or prosecuted the action. *Meyer v. Viereck,* 286 S.W. 894 (Tex. Civ.App.—Galveston 1926, writ dism'd).

Beach argues that the proceedings resulted from the exercise of the independent judgments of four investigatory authorities: the National Bank Examiner, the FBI, the attorney general, and the grand jury. Beach further contends that public policy favors exposure of crime, requires wide latitude be granted reporters of criminal offenses, and disfavors malicious prosecution actions. *Cisneros,* 596 S.W.2d at 317; *Green v. Meadows,* 517 S.W.2d 799 (Tex. Civ.App.—Houston [1st Dist.] 1974), *rev'd on other grounds,* 524 S.W.2d 509 (Tex. 1976); *Ada Oil Co. v. Dillaberry,* 440 S.W.2d 902 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ dism'd).

■ Since the summary judgment evidence shows that Fisher and Beach, the only witnesses to the disputed transaction, disagreed as to whether the draft which formed the basis of the criminal prosecution was authorized by Fisher, a fact issue as to causation exists. If Fisher never authorized the draft, and Beach issued a false report, as Fisher contends, Beach caused the prosecution. Since we must accept as true Fisher's allegations, Beach's summary judgment evidence failed to prove absence of causation.

### Probable Cause

■ Beach is entitled to summary judgment if he proved that, as a matter of law, he acted with probable cause. *Brown v. Parrata Sales, Inc.,* 521 S.W.2d 359 (Tex.Civ.App.—Dallas 1975, no writ). Probable cause existed if, from the facts known to him at the time of the communication, Beach had reasonable grounds to believe and did believe Fisher was guilty of the offense charged. *Ramsey v. Arrott,* 64 Tex. 320 (1885); *Stewart v. Control Data Corp.,* 580 S.W.2d 879 (Tex.Civ.App. —Texarkana 1979, no writ); *Terk v. Deaton,* 555 S.W.2d 154 (Tex.Civ.App.—El Paso 1977, no writ). The question of probable cause does not depend on the guilt or innocence of Fisher, and acquittal is not evidence of lack of probable cause. *Parker,* 463 S.W.2d at 500; *Moran Utilities v.*

*Childs,* 392 S.W.2d 536 (Tex.Civ.App.—Beaumont 1965, writ ref'd n.r.e.).

■ Fisher and Beach were the only witnesses to the pertinent facts, and Fisher testified by deposition to facts that led Fisher to the conclusion that Beach "framed me." Since the evidence reveals discrepancies of fact pertaining to the existence of probable cause, summary judgment was improper.

### Malice

■ Malice, defined as ill will, evil motive, or reckless disregard of the rights of others, *Lloyd v. Myers,* 586 S.W.2d 222 (Tex.Civ.App.—Waco 1979, writ ref'd n.r.e.); *Bass v. Metzger,* 569 S.W.2d 917 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.), may be established by direct or circumstantial evidence and may be inferred from want of probable cause. Since a fact issue as to probable cause exists, a fact issue as to malice necessarily exists. *See Adams v. Thomas,* 638 S.W.2d 933 (Tex.App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.); *Moran Utilities,* 392 S.W.2d at 538; *Andrews v. Dewberry,* 242 S.W.2d 685 (Tex.Civ.App.—Fort Worth 1951, writ ref'd n.r.e.). Accordingly, we hold that Beach failed to prove that the prosecution was not motivated by malice.

### Slander

■ Beach contends that the cause of action accrued at the time of publication or at the very latest at the time of indictment, December 13, 1971, and, accordingly, that Fisher's slander claim, filed September 6, 1973, was barred by the one-year statute of limitations. TEX.REV.CIV.STAT.ANN. art. 5524 (Vernon 1958). Fisher counters that the discovery rule applies to defamation claims, *Kelley v. Rinkle,* 532 S.W.2d 947 (Tex.1976), and that the limitations period of the criminal action did not begin to run until trial, April 30—May 2, 1973, the time at which he learned of, or in the exercise of reasonable diligence should have learned of, the injury or wrong giving rise to the cause of action. We need not determine whether the discovery rule is applicable because Fisher's deposition testimony reveals that he had actual knowledge of the communications prior to the indictment:

Q [DEFENSE COUNSEL]: So you are saying that Dale Long [the prosecutor] talked to you and said that Mr. Beach came down and said, I want to file criminal charges against Sam Fisher?

A: Yes.

Q: And this was before you were indicted, this was before you were served with a warrant?

A: As far as I know, yes, sir.

Although each republication of an allegedly defamatory communication inflicts an independent injury from which a slander cause of action may arise, Fisher sued only for damages resulting from pre-indictment statements. We hold that the slander claim was barred by the statute of limitations.

We reverse the judgment dismissing Fisher's malicious prosecution claim, affirm the judgment dismissing Fisher's defamation claim, and remand for further proceedings not inconsistent with this opinion.

Affirmed in part and reversed and remanded in part.