Raymond McHENRY, Appellant,

v.

TOM THUMB PAGE DRUG STORES
and Shyla Thomas, Appellees.

No. 05–84–00110–CV.

Court of Appeals of Texas,
Dallas.

Aug. 9, 1985.
Rehearing Denied Sept. 30, 1985.

Ronald D. Hines, Dallas (on appeal), for appellant.

David M. Weaver and Joann Wilkins, Burford & Ryburn, Dallas, for appellee.

Before AKIN, GUILLOT and HOWELL, JJ.

HOWELL, Justice.

Appellant McHenry appeals a summary judgment granted in favor of appellees Tom Thumb Page Drug Stores and Shyla Thomas upon McHenry's action for malicious prosecution and related claims. McHenry asserts (1) that the summary judgment proof did not establish as a matter of law that his claims were barred by the statute of limitations, and (2) that issues of material fact existed as to his malicious prosecution claim. We overrule these contentions and affirm.

McHenry was prosecuted and ultimately acquitted of passing a forged prescription at Tom Thumb's pharmacy. While conducting a routine inspection of prescription files at the pharmacy, two police officers discovered that a prescription, which had been filed by Thomas as pharmacist, was a photocopy. At the officers' request, Thomas gave a description of the person who had presented the photocopy prescription. Thomas subsequently identified McHenry's photograph from a photographic line-up. McHenry was then arrested pursuant to a complaint filed by the police.

■ TEX.R.CIV.P. 166–A requires that a defendant seeking summary judgment must prove that no genuine issue of fact exists as to at least one element of the plaintiff's cause of action and that as a matter of law he is entitled to judgment. *Wesson v. Jefferson Savings & Loan Association*, 641 S.W.2d 903 (Tex.1982). In determining whether the movant has carried the burden, all evidence which tends to support the nonmovant is accepted as true. *Fisher v. Beach*, 671 S.W.2d 63, 66 (Tex. App.—Dallas 1984, no writ); *Yianitsas v. Mercantile National Bank*, 410 S.W.2d 848, 849 (Tex.Civ.App.—Dallas 1967, no writ).

## MALICIOUS PROSECUTION

■ The elements of a malicious prosecution action are that the defendant, (1) acted with malice, (2) without probable cause, (3) caused a criminal prosecution of the plaintiff, (4) which terminated in acquittal and resulted in damage. *Fisher*, 671 S.W.2d at 66; *Thomas v. Cisneros*, 596 S.W.2d 313 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.). The parties do not dispute that appellant was prosecuted and ultimately acquitted. However, we hold that the summary judgment proof shows that the elements of causation and malice are absent in this case.

■ McHenry's action for malicious prosecution is controlled by *Yianitsis*, 410 S.W.2d at 848. In that case, stolen traveler's checks were presented to a bank teller who subsequently misidentified the plaintiff as the person who cashed the checks with her. A summary judgment in favor of the bank teller and the bank was affirmed primarily because nothing in the record suggested that the teller did anything to cause the prosecution other than to make a good faith statement to the officers of her belief as to the identity of the person presenting the checks to her. *Yianitisis*, 410 S.W.2d at 851.

As emphasized in *Yianitsis*, citizens not only have the right but also the duty to cooperate with law enforcement authorities in the detection and apprehension of crime. Had the instant case been tried upon its merits, and had there been no witnesses other than those whose affidavits and depositions were before the trial court at the summary judgment hearing, and had the testimony been substantially the same as indicated by these documents, the court would have been obligated to direct a verdict. Appellant does not show how the testimony might differ if this case were to proceed to trial. It follows that summary judgment was proper.

The complaint in the instant case was not signed by Thomas or by any agent of Tom Thumb. If Thomas fully and fairly stated

the facts to the prosecuting officer, she would not be the cause of prosecution as a matter of law. *Fisher*, 671 S.W.2d at 66; *Cisneros*, 596 S.W.2d at 317. McHenry, for the first time on appeal, advances the theory that an accomplice of Thomas passed the forged prescription and that Thomas gave a fictitious description to the police to conceal this criminal activity. In his response to the summary judgment, McHenry made no mention of this conspiracy and no facts were presented in the summary judgment evidence to support the theory he now advances. The mere allegation of conspiracy would have been inadequate to prevent summary judgment. A conspiracy may be proved by circumstantial evidence, but the evidence must be of such probative force to raise more than a mere suspicion. *Ada Oil Co. v. Dillaberry*, 440 S.W.2d 902, 913–14 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ dism'd). McHenry has not presented any evidence to counter Thomas' summary judgment evidence showing that she fully and fairly stated the facts in good faith to the officers and allowed them to decide if an arrest was warranted. *See Joske v. Irvine*, 91 Tex. 574, 44 S.W. 1059 (1898).

As a corollary to our holding that McHenry has not raised an issue as to the want of good faith in making the identification, we hold that there is no evidence of malice on the part of appellees. Malice has been defined as ill will, evil motive, or reckless disregard of the rights of others. *Lloyd v. Myers*, 586 S.W.2d 222 (Tex.Civ. App.—Waco 1979, writ ref'd n.r.e.). None is indicated by this record.

We hold that the undisputed summary judgment evidence supports appellees' contention that Thomas, acting without malice, fully and fairly stated the facts to the prosecuting officer and was therefore not the cause of McHenry's prosecution.

### STATUTE OF LIMITATIONS

McHenry also contends that Thomas libeled and slandered him through her original identification of him on August 4, 1980, as the person who passed the forged pre-

scription, and again when she testified on February 18, 1981, in the original criminal action against him. He was finally acquitted on October 20, 1981. He instituted this action on August 17, 1982.

The parties agree that the libel and slander actions are governed by the one year statute of limitations. TEX.REV.CIV. STAT.ANN. art. 5524 (Vernon 1958). They disagree as to when the statute of limitations began to run. McHenry urges that when libel or slander causes a criminal prosecution, limitations should begin to run only upon the conclusion of the resulting prosecution. Unless we adopt this contention, the last date that limitations could have commenced to run was February 18, 1981, when Thomas gave her testimony, and this action instituted on August 17, 1982, would be barred.

■ We decline to run limitations for defamation from the date of McHenry's acquittal. The reason for running limitations for malicious prosecution from the date of acquittal is because a termination of the criminal action favorable to the accused is an essential element of proof in an action to recover damages for malicious prosecution. *Delaporte v. Preston Square, Inc.*, 680 S.W.2d 561, 564 (Tex. App.—Dallas 1984, writ ref'd n.r.e.); *Oak Crest Civic Club v. Lowe*, 678 S.W.2d 93, 94 (Tex.App.—Houston [14th Dist.] 1984, writ dism'd). Until then, the action will not lie. Conversely, McHenry could have commenced his action for defamation immediately upon publication. The discovery rule has been held applicable to defamation actions. *Kelley v. Rinkle*, 532 S.W.2d 947, 949 (Tex.1976). However, appellant must have discovered any false statements of Thomas not later than the February 1981 trial, and he failed to commence his action within one year thereafter.

■ Appellant argues that it is not feasible to commence an action for slander or libel while preoccupied with the defense of an action which was brought about by false statements to the authorities. Although McHenry may have been preoccupied with

his defense of the criminal case, nevertheless, under the discovery rule, limitations commenced when he learned of the alleged false statements. Since more than one year had expired before suit was filed, the action is barred.

The only ground of liability asserted against Tom Thumb is under the doctrine of respondeat superior. Since we have held that Thomas was not liable to appellant, her employer cannot be held liable under that doctrine. *Yianitsas*, 410 S.W.2d at 851.

We hold that the trial court properly granted appellees' motion for summary judgment. The judgment is affirmed.