header.ag1



NUMBER 13-99- 583-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________

JOSEPH A. HANSLER, Appellant,


v.


NUECES COUNTY, TEXAS AND CALAME, LINEBARGER, 

GRAHAM & PEÑA, L.L.P., Appellees.

___________________________________________________________________


On appeal from the 28th District Court

of Nueces County, Texas.

____________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez

Opinion by Chief Justice Valdez


Appellee Calame, Linebarger, Pena & Graham filed a motion for summary judgment against appellant Joseph Hansler on
both no-evidence and traditional summary judgment grounds. Appellee Nueces County filed a motion to dismiss against
Hansler on the basis of sovereign immunity. The trial court granted both of appellees' motions in one order. Hansler
appeals the summary judgment and order dismissing his case by four separate issues. We affirm both the summary
judgment rendered in favor of the law firm of Calame, Linebarger, Pena & Graham, and the dismissal in favor of Nueces
County.

Background


Nueces County had begun foreclosure proceedings on several pieces of Hansler's properties, including his homestead, when
Hansler filed for bankruptcy. In the bankruptcy proceedings, Hansler and Nueces County reached an agreement regarding
these properties which was memorialized by statements read into the record at a bankruptcy hearing and by an Agreed
Order entered in May of 1997. 

Under this agreement, the automatic stay under bankruptcy was terminated for the purpose of allowing Nueces County to
foreclose its tax liens on certain of Hansler's properties. Hansler was to make an initial payment of $40,000 toward his
homestead taxes, and his remaining homestead tax liability of $31,000 was to be paid with interest at the rate of 8% per
annum through the Chapter 13 Trustee for Debtor's Plan of Reorganization in his 1996 Chapter 13 bankruptcy case. The
Agreed Order specifically provided that if "the remaining $31,000.00 payment on the homestead is not paid in full through
the Plan with 8% interest, Nueces County has the absolute right to foreclose on the homestead which shall survive this
bankruptcy proceeding." 

Hansler made the initial $40,000 payment on his homestead taxes, and made several other payments on his remaining
homestead tax liability of $31,000. However, Hansler made these payments to the County rather than through his
bankruptcy plan as provided by the Agreed Order. 

In August of 1997, approximately three months after entry of the Agreed Order, Hansler voluntarily dismissed his
bankruptcy proceeding. The County, through Calame, Linebarger, Pena & Graham ("the law firm"), began foreclosure
proceedings on his homestead. Hansler brought suit against the County and the law firm seeking damages and a temporary
injunction against the foreclosure. The trial court denied the temporary injunction. Hansler paid the remaining amount of
homestead taxes due the County, and the County withdrew its foreclosure proceedings. 

Nevertheless, Hansler maintained his suit against the law firm and the County, and amended his claims against the County
and the law firm to allege causes of action for wrongful foreclosure, breach of contract, and intentional infliction of
emotional harm. Hansler based these claims on the appellees' alleged breach of the Agreed Order discussed above. 

The Motion to Dismiss

In his fourth issue, Hansler contends that the trial court erred in granting Nueces County's motion to dismiss "when a
county is bound by settlement agreements in the same manner other litigants are." Nueces County pleaded that it is
protected by governmental immunity, and made this the gravamen of its motion to dismiss. 

Sovereign immunity, unless waived, protects a governmental entity from lawsuits for damages. Federal Sign v. Texas
Southern Univ., 951 S.W.2d 401, 405 (Tex. 1997). The doctrine of sovereign immunity encompasses two distinct
principles: immunity from suit and immunity from liability. Id. When the State contracts with private citizens, the State
waives only immunity from liability; however, a private citizen must have legislative consent to sue the State on a breach of
contract claim. Id. at 408. The act of contracting does not waive the State's immunity from suit. Id. Moreover, the State
may not waive its immunity from suit based on its conduct. General Servs. Comm'n v. Little-Tex Insulation Co., 44 Tex.
Sup. Ct. J. 397, 2001 Tex. LEXIS 9, *13 (February 1, 2001). Given the foregoing, sovereign immunity bars appellant's
claims because appellant's claims do not fall within any exception to the doctrine of sovereign immunity. 

When a suit is barred by sovereign immunity, dismissal with prejudice for want of jurisdiction is proper. University of Tex.
Med. Branch v. Hohman, 6 S.W.3d 767, 777 (Tex. App.--Houston [1st Dist.] 1999, pet. dism'd w.o.j.). The trial court did
not err in dismissing Hansler's suit against Nueces County. Accordingly, we overrule Hansler's fourth issue.


The Motion for Summary Judgment 

In his second issue, Hansler contends that the trial court erred in granting the law firm's motion for summary judgment
because it was not specific enough to meet his allegations. In discussing this issue, we note that Hansler did not specially
except to the law firm's motion on grounds that it was unclear or ambiguous. See, e.g., Harwell v. State Farm Mut. Auto.
Ins. Co., 896 S.W.2d 170, 175 (Tex. 1995); McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 342 (Tex. 1993).

In its motion for summary judgment, the law firm contended that:

[T]here is no evidence to raise a genuine issue of material fact as to the following elements of the causes of action Plaintiff
is asserting against it:

1. There is no evidence that any foreclosure has occurred which would provide the basis for any cause of action for
wrongful foreclosure;

 2. There is no evidence that Defendant has breached any contract, if any, with Plaintiff that would provide the basis for a
cause of action for breach of contract; and

3. There is no evidence that Defendant has engaged in any conduct, which, under the applicable law, would constitute
intentional infliction of emotion distress, because there is no evidence that: a) Defendant acted intentionally or recklessly;
b) that Defendant's conduct was extreme and outrageous; and c) that Defendant's conduct caused Plaintiff severe emotional distress.



* * *



Pleading alternatively, Defendant moves for summary judgment on the grounds that the factual allegations relied upon and
pled in Plaintiff's First Amended Original Petition do not give rise to a legally cognizable cause of action as a matter of law
against Defendant. 

A motion for summary judgment must state the specific reasons for the summary judgment. Tex. R. Civ. P. 166a(c); Travis
v. City of Mesquite, 830 S.W.2d 94, 99-100 (Tex. 1992). The grounds in the motion are sufficiently specific if the motion
gives "fair notice" to the non-movant. Golden Harvest Co. v. City of Dallas, 942 S.W.2d 682, 691 (Tex. App.--Dallas
1997, writ denied); Thomas v. Cisneros, 596 S.W.2d 313, 316 (Tex. App.--Austin 1980, writ ref'd n.r.e.). In contrast, a
no-evidence motion "must" specifically state the elements of the cause of action as to which there is no evidence. See Tex.
R. Civ. P. 166a(i) & cmt.

The law firm's motion for summary judgment was specific enough to encompass the causes of action alleged in Hansler's
amended petition. Hansler alleged causes of action for wrongful foreclosure, breach of contract, and intentional infliction
of emotional harm, and the law firm's no-evidence motion for summary judgment attacked specific elements of each of
these causes of action as provided by Texas Rule of Civil Procedure 166a(i). See Tex. R. Civ. P. 166a(i). Further, in terms
of the traditional motion for summary judgment, we note that a movant may file a motion for summary judgment that,
instead of proving or disproving facts, shows the non-movant has no viable cause of action or defense based on the
non-movant's pleadings. See, e.g., National Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc., 939 S.W.2d 139, 141
(Tex. 1997)(no duty to defend insurance claim based on allegations in pleadings and terms of policy); Helena Lab. Corp. v.
Snyder, 886 S.W.2d 767, 768-69 (Tex. 1994)(no cause of action for negligent interference with family relationship). The
law firm's motion for summary judgment clearly gives fair notice that it was contending Hansler had no viable cause of
action based on the facts alleged in his live pleading. Arguably, the law firm should have pursued this attack by special
exception rather than motion for summary judgment. See Kassen v. Hatley, 887 S.W.2d 4, 14 n.10 (Tex. 1994). However,
because Hansler did not object in the trial court on this ground or request an opportunity to amend his petition in the wake
of the summary judgment, he waived any complaint on this ground. See id. 

We overrule Hansler's second issue. 

Agreed Order

In his third issue, Hansler contends that the trial court erred in granting summary judgment in the face of undisputed
summary judgment evidence that the County and the law firm breached the settlement agreement embodied by the Agreed
Order. In his response to the law firm's motion, Hansler asserted that there were genuine issues of material fact regarding
whether: (1) defendants breached a contract by instituting foreclosure proceedings; (2) whether Hansler himself breached
the contract by not putting in place a Chapter 13 bankruptcy plan; (3) whether defendants waived a requirement to be paid
through a Chapter 13 plan by accepting payments outside the plan; (4) whether defendants were estopped from asserting
payment through a plan as a material part of the agreement they made in open court; and (5) whether defendants could
unilaterally determine that Hansler breached the contract and proceed to foreclosure before obtaining a judgment.

Hansler's response to the law firm's motion for summary judgment confirms that any unresolved fact issues do not
implicate the liability of the law firm and that Hansler has not pleaded a viable cause of action against the law firm.
According to Hansler's affidavit:



***


On May 8, 1997, I entered into an agreement made in open court and read into the record of Cause No. 96-20848-C-13 in
the United States Bankruptcy Court for the Southern District of Texas. . . . The transcript attached to this affidavit is a true
and correct transcript of the announcement of agreement made on that date between me and the defendant Nueces County.
The defendant law firm participated in the preparation of said agreement and read the same into the record of the court. . . .

My cause of action against the defendants, each of them . . . is based upon the fact that the defendants, each of them,
breached the contractual obligation created by the agreement not to institute foreclosure proceedings against the homestead
property of mine and my wife's in return for the payment of a large lump sum payment and the payment of monies toward
the elimination of a settled-upon tax liability in regular payments by me;



***



In October, 1997, the defendants, each of them, instituted foreclosure proceedings upon the homestead property . . . in
violation of the terms and conditions of said agreement . . . .

My cause of action against the defendants is based upon a breach of their contractual obligations to me created by the . . .
agreement . . . .

The law firm was not a party to the Agreed Order, and under the facts alleged herein, cannot be liable for an alleged breach
of that order. See, e.g., McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests, 991 S.W.2d 787, 791-92 (Tex.
1999) (discussing attorney liability to third parties). Further, Hansler fails to allege any extracontractual causes of action
against the law firm that would result in any liability on the part of the firm. Consequently, Hansler's response failed to
establish a legally cognizable cause of action against the law firm. 

Moreover, under the circumstances present in this case, we note that it appears that the Agreed Order was rendered void by
Hansler's voluntary dismissal of his bankruptcy proceedings. Section 349(b) of the bankruptcy code specifies that, unless
the court orders otherwise, a dismissal reinstates proceedings or custodianships that were superseded by the bankruptcy
case, reinstates avoided transfers, reinstates voided liens, vacates any order, judgment, or transfer ordered as a result of the
avoidance of a transfer, and revests the property of the estate in the entity in which the property was vested at the
commencement of the case. See 11 U.S.C. §349(b) (2000). According to its legislative history, the basic purpose of this
section is to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they
were found at the commencement of the case. See id.; see also In re Nash, 765 F.2d 1410, 1414 (9th Cir. 1985); In re
Irons, 173 B.R. 910, 911 (Bankr. E.D. Ark. 1994); In re Whitmore, 154 B.R. 314, 316 (Bankr. D. Nev. 1993); In re
Mitchell, 93 B.R. 615, 617 (Bankr. W.D. Tenn. 1988). Based on the foregoing, and under the specific circumstances
present in this case, the Agreed Order became a nullity once Hansler dismissed his bankruptcy proceeding. We overrule
Hansler's third issue.

Insufficient Time for Discovery

In his first issue, Hansler contends that the trial court erred in granting a no-evidence summary judgment when the time for
discovery set in the court's docket control order had not yet elapsed. A no-evidence motion for summary judgment must be
filed after "adequate time for discovery." Tex. R. Civ. P. 166a(i). As a general rule, a discovery period set by pretrial order
should provide an adequate opportunity for discovery unless there is a showing to the contrary, and ordinarily a
no-evidence motion would be allowed after expiration of the discovery period but not before. Id. cmt. (1997). We need
not consider the specific application of this rule herein because of our disposition of Hansler's third issue. See Tex. R. App.
P. 47.1. We overrule Hansler's first issue.

Having overruled each of Hansler's issues, the judgment of the trial court is affirmed in its entirety. 


ROGELIO VALDEZ

Chief Justice



Do not publish.

Tex. R. App. P. 47.3.



Opinion delivered and filed this

the 3rd day of May, 2001.