

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00061-CV

BILL WALKER AND BOBBYE WALKER                                   APPELLANTS

V.

CAMPUZANO ENTERPRISES, LTD., CAMPUZANO INVESTMENTS, INC., FERNANDO CAMPUZANO, FRANCISCO CAMPUZANO, CARMEN L. CAMPUZANO, AND CARRIZO OIL & GAS, INC.                                   APPELLEES

----------

## FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

In five issues, Appellants Bill and Bobbye Walker appeal the trial court's grant of summary judgment. We affirm in part and reverse and remand in part.

---

[1]*See* Tex. R. App. P. 47.4.

## II. Factual and Procedural History

In October 1978, Bill Walker purchased 184.975 acres of land out of the McNary Gibson Survey A-261 and David Smith Survey A-1442 from Jessie McGinty and the Robert Ray McGinty Trust (the McGinty Deed). The McGinty Deed expressly reserved one-half of the mineral rights in the property, which reservation the parties do not challenge. In May 1979, Walker and his wife, Bobbye Walker, conveyed the property to the All American Quarter Horse Ranch (AAQHR) (the Walker Deed). Among other exclusions, the Walker Deed contained a reservation of one-half of the minerals.

In early 2004, Sharon Sue McGinty Hancock and her husband, David Hancock, held one-half of the mineral rights under the McGinty Deed. Appellees Fernando Campuzano and Francisco H. Campuzano, acted as successors in interest to AAQHR under a warranty deed dated March 31, 2004, from Francisco J. Campuzano and Carmen L. Campuzano to Campuzano Entrerpises, Ltd. and a special warranty deed dated December 3, 2002, from Francisco J. Campuzano and Carmen L. Campuzano to Fernando J. Campuzano (collectively the Campuzanos). The Hancocks and the Campuzanos leased their mineral rights in the property to Carrizo Oil and Gas, Inc.

In September 2008, the Walkers filed suit against Carrizo and the Campuzanos, claiming that they had reserved a one-half interest in the mineral rights to the property under the Walker Deed. The Walkers requested that the trial court quiet title and, along with seeking attorneys' fees, asserted claims of

2

conversion, unjust enrichment–constructive trust, and trespass against both Carizzo and the Campuzanos, and fraud, fraud in the inducement, and statutory fraud against the Campuzanos.

In July 2009, both Carrizo and the Campuzanos filed motions for summary judgment. Carrizo moved for summary judgment on all of the Walkers' claims, contending that the Walkers' claims for unjust enrichment, conversion, and trespass were all dependent upon the Walkers' quiet-title claim.

The Campuzanos' motion stated that it was seeking "final summary judgment on all claims," but it did not specifically address the claims for conversion, unjust enrichment, and trespass. The motion referenced the Walkers' depositions, which were attached as evidence, to support the Campuzanos' argument that the Walkers "are not asserting any claim based on fraud or based on any facts or representations of Defendants."

In January 2010, after a hearing, the trial court granted all defendants' motions for final summary judgment, and its order noted that the order disposed of "all parties and claims and is final and appealable." At the same time that it issued its order on the summary judgment, the trial court ruled on the parties' objections to the summary judgment evidence. The trial court noted that it did not consider the Walkers' depositions in its decision to grant summary judgment and sustained the Walkers' objections to the use of their depositions as summary judgment evidence. This appeal followed.

### III. Summary Judgment

3

## A. Standard of Review

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c).

## B. Trial Court's Order Disposing of all Parties and Claims

In their first issue, the Walkers assert that the trial court erred by granting final summary judgment as to "all parties and claims" because the summary judgment granted more relief than the appellees requested, in that, the summary judgment motions did not include argument or state grounds for summary judgment on the Walkers' conversion, trespass, or unjust enrichment causes of action alleged against both Carrizo and the Campuzanos or on the Walkers' claims for fraud, fraud in the inducement, and statutory fraud against the Campuzanos.

### 1. Applicable Law

4

A summary judgment motion must state the specific grounds on which relief is sought and cannot be granted except on the grounds expressly presented in the motion. Tex. R. Civ. P. 166a(c); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 204 (Tex. 2002); *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 912 (Tex. 1997). The grounds in the motion are sufficiently specific if the motion gives "fair notice" to the non-movant. *Thomas v. Cisneros*, 596 S.W.2d 313, 316 (Tex. Civ. App.—Austin 1980, writ ref'd n.r.e.). If summary judgment on one claim is proper, but the summary judgment order grants more relief than the movant requests, we must reverse the summary judgment in part and remand the claims not addressed in the summary judgment motion. *See Page v. Geller*, 941 S.W.2d 101, 102 (Tex. 1997); *see also Bandera Elec. Coop., Inc. v. Gilchrist*, 946 S.W.2d 336, 337 (Tex. 1997); *Postive Feed, Inc. v. Guthmann*, 4 S.W.3d 879, 881 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

### 2. Campuzanos

During oral argument, the Campuzanos conceded that they did not brief or plead for relief in their motion for summary judgment on the Walkers' trespass claim. The record reflects that the Campuzanos' motion does not mention or pray for relief on the Walkers' unjust enrichment or conversion claims. And, though the Campuzanos' motion for traditional summary judgment does assert that the Walkers' claims were not based in fraud, the Campuznos' have put forth no evidence supporting this claim. *See* Tex. R. Civ. P. 166a(c) (requiring movant to show, based on evidence in the record or attached to the motion, that

traditional summary judgment is proper as a matter of law). Therefore, we sustain the Walkers' first issue with respect to the Campuzanos for the claims of fraud, trespass, unjust enrichment, and conversion.

### 3. Carizzo

In its motion for summary judgment, Carizzo expressly requested "final summary judgment on all of Plaintiff's claims in this case" and prayed that "the [trial c]ourt grant a final summary judgment in favor of Carizzo . . . dismissing Plaintiff's claims, [and] finding that the [Walker] Deed reserved no minerals to Plaintiffs and that as a result Plaintiff's conversion, unjust enrichment, and trespass actions also fail." Carizzo's motion provided the Walkers with fair notice that Carizzo was seeking summary judgment on all of their claims. *See Thomas*, 596 S.W.2d at 316; *Conquistador Petroleum, Inc. v. Chatham*, 899 S.W.2d 439, 442 (Tex. App.—Eastland 1995, writ denied) (recognizing that the grounds in a summary judgment motion may be stated concisely without detail and argument); *Bailey, Vaught, Robertson, & Co. v. Remington Invs., Inc.*, 888 S.W.2d 860, 868 (Tex. App.—Dallas 1994, no writ) (noting that rule 166a does not require that a movant cite legal authority in its motion for summary judgment). Accordingly, we conclude that the trial court did not err by rendering final judgment on all parties and claims with respect to Carizzo. We overrule the Walkers' first issue with respect to Carizzo.

### C. Mineral Rights

6

In their second issue, the Walkers argue that the trial court erred by failing to find the deed ambiguous with respect to the mineral conveyance. Carizzo argues that the *Duhig* rule estops the Walkers from asserting any right in the minerals on the property because doing so would breach their warranty in the deed. We agree.

**1. The Walker Deed**

Relevant portions of the Walker Deed are as follows:

> That Bill J. Walker [and] Bobbye Walker, . . . . have GRANTED, SOLD, AND CONVEYED, . . . unto the ALL AMERICAN QUARTER HORSE RANCH, . . . all of the following described real property in Tarrant County, Texas to wit:
>
> Being a tract or parcel of land lying . . . more fully described in Exhibit "A" attached hereto and incorporated herein by reference.[2]
>
> THIS CONVEYANCE IS MADE AND ACCEPTED SUBJECT TO CONDITIONS AND RESTRICTIONS APPEARING OF record . . . as referred to in Deed recorded in Volume 4789, Page 470 of the deed Records of Tarrant County, Texas.[3]
>
> . . . .
>
> SAVE AND EXCEPT, and there is hereby reserved one-half (1/2) of all oil, gas and other minerals in and under said land, together with the right of ingress and egress for mining, reserved under Jessie McGinty, Republic National Bank of Dallas, W.E. McGinty, Co-Trustee of the Robert Ray McGinty Trust, in Deed to Bill J. Walker dated October 26, 1978, recorded in Volume 6616, Page 460 of the Deed Records of Tarrant County, Texas.

---

[2]Exhibit "A" is a metes and bounds land description with no exceptions or exclusions contained therein.

[3]A copy of this deed is not in the record.

. . . .

TO HAVE AND TO HOLD the above described premises, together with all and singularly the rights and appurtenances thereto in anywise belonging unto the said grantee, ITS SUCCESSORS, heirs and assigns forever, and we do hereby bind ourselves, our heirs, executors and administrators to WARRANT AND FOREVER DEFEND all and singular the said premises unto the said grantee, its SUCCESSORS, heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.[4]

### a. *Duhig*

In *Duhig v. Peavy-Moore Lumber Co., Inc.*, the deed conveying the Josiah Jordan Survey of 574 3/8 acres to W.J. Duhig reserved an undivided one-half of the minerals under the survey. 135 Tex. 503, 144 S.W.2d 878, 879 (1940). Later, Duhig conveyed the same survey to the predecessors in title of Peavy-Moore Lumber Company, and in this deed no mention was made of the prior reservation of one-half of the minerals. *Id.*, 144 S.W.2d at 879. Duhig's deed purported to reserve an undivided one-half of the minerals in the Jordan Survey, and it purported to convey to the grantee the other half interest in the minerals, which interest had been reserved by Duhig's grantor. *Id.* at 506–07, 144 S.W.2d at 879–80. The Texas Supreme Court stated,

[w]hen the deed is so interpreted the warranty is breached at the very time of the execution and delivery of the deed, for the deed warrants the title to the surface estate and also to an undivided one-half interest in the minerals. The result is that the grantor has breached his warranty, but that he has and holds in virtue of the

---

[4]The warranty clause contains two exceptions reserving the Walkers' rights in the vendor's lien and superior title to the property until full payment of the note.

8

deed containing the warranty the very interest, one-half of the minerals, required to remedy the breach.

. . . .

The decision here made assumes, as has been stated, that Duhig by the deed reserved for himself a one-half interest in the minerals. The covenant is not construed as affecting or impairing the title so reserved. It operates as an estoppel denying to the grantor and those claiming under him the right to set up such title against the grantee and those who claim under it.

*Id*. at 507–08, 144 S.W.2d at 880–881. *Duhig* applied the estoppel principle of the after-acquired title cases. *Forrest v. Hanson*, 424 S.W.2d 899, 904 (Tex. 1968). Thus, if a party attempts to claim an interest that he purported to convey, he is in effect denying a fact represented by his conveyance, and the *Duhig* doctrine works an estoppel. *Id.*

### b. Analysis

Assuming without deciding that the Walker Deed effectively reserves a mineral interest in the Walkers as they assert, *Duhig* estops the Walkers from claiming any interest in the mineral estate of the land conveyed to AAQHR. *See Duhig*, 144 S.W.2d at 878. In relevant part, the Walker Deed unambiguously conveys a fee simple subject to restrictions contained in a deed recorded on page 470 of Tarrant County land record volume 4789, a reservation of a one-half mineral interest, and a right of ingress and egress. While the deed on page 470 of volume 4789 referenced in the granting clause is not in the record, the McGinty Deed is in the record and reflects that it is filed on page 460 of volume

9

6616 of the Deed Record of Tarrant County and that it was filed on November 9, 1978—fourteen days after it was signed on October 26, 1978. Therefore, the McGinty Deed is not the deed referenced in the granting clause at page 470 of volume 4789 and, other than the language reserving the right of ingress and egress, there is no mention of the McGinty Deed or its prior reservation of one-half of the mineral estate. Thus, we conclude that the Walker Deed warrants that it excludes only one-half of the mineral interests from the fee simple estate it conveys. *See* Tex. Prop. Code Ann. § 5.001(a) (Vernon 2004) ("An estate in land that is conveyed or devised is a fee simple unless the estate is limited by express words . . . ."); *Duhig*, 135 Tex. at 507, 144 S.W.2d at 880 (noting that a deed warrants title to the surface estate and a one-half undivided interest in the minerals when the deed's granting clause purports to convey a fee simple, the covenant warrants title to "the said premises," and the deed reserves a one-half interest in the mineral estate).

Applying the rules and principles of law expressed in *Duhig*, we conclude that the Walkers breached their warranty at the very time of the execution and delivery of the deed to AAQHR, for the deed warrants the title to the surface estate and to an undivided one-half interest in the minerals. *Duhig,* 135 Tex. at 507, 144 S.W.2d at 880. The Walkers thereby purported to convey to AAQHR an undivided one-half interest at a time when they owned exactly a one-half

10

interest. Under *Duhig*, AAQHR and its successors and assigns are entitled to all of the Walkers' reserved interest. We overrule the Walkers' second issue.[5]

## IV. Conclusion

Having overruled the Walkers' second issue and that portion of their first issue with respect to all claims against Carizzo, we affirm the trial court's judgment with respect to those issues. Having sustained the Walkers' first issue with respect to the claims of fraud, unjust enrichment, trespass, and conversion against the Campuzanos, we reverse that portion of the trial court's judgment pertaining to those issues and remand to the trial court for further proceedings.


BOB MCCOY
JUSTICE

PANEL: DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED: March 17, 2011

---

[5]Because the Walkers' remaining claims depend upon their having an interest in the property, we need not reach them. *See* Tex. R. App. P. 47.1.

11