**OAK CREST CIVIC CLUB, et al, Appellant,**

v.

**Johnnie R. LOWE, et al, Appellee.**

**No. B14–83–00296CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 5, 1984.

Joe D. Anderson, C.K. Stephenson, Stephenson, Moore & Associates, Bellaire, for appellant.

A.G. Crouch, Crouch, Crouch & Dewitt, Alvin, Wm. B. (Ben) Adair, Adair & Myers, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

### OPINION ON MOTION FOR REHEARING

PAUL PRESSLER, Justice.

On April 5, 1984, this Court handed down an opinion in this cause. On motion for rehearing, this Court now withdraws its original opinion and substitutes a new opinion therefor.

Appellees, as defendants and cross-plaintiffs below, recovered on their counterclaim for malicious prosecution. We reverse and render.

In 1978, Mrs. Jean Smith purchased a lot in the Oak Crest residential subdivision near Manvel, Texas. The deed restrictions required that houses erected in the subdivision contain 1800 square feet of floor space exclusive of garages or open porches. During the construction of Mrs. Smith's home, it was discovered that it contained less than the required floor space. The Oak Crest Civic Club sued Mrs. Smith to enforce the restrictions. An agreed judgment ordered Mrs. Smith to increase the living space in the house to 1800 square feet exclusive of garages and open porches. (There is some evidence in the record to indicate that this was done by keeping one door of the two car garage closed at all times and utilizing the area as living space.) Mrs. Smith subsequently obtained a Notice of Compliance from the trial court.

In August 1980, Mrs. Smith sold her home to appellee, Edward M. Henehan, Jr. Appellee Lowe was the real estate broker in the transaction. Shortly thereafter, the Oak Crest Civic Club informed Henehan that his house was no longer in compliance with the deed restrictions because he was keeping both doors to his garage open. He was told either to keep one garage door closed or to add on to his house to comply with the restrictions. When he failed to do so, the civic club filed a suit against both Henehan and Lowe seeking an injunction and damages. Henehan and Lowe then

**94**

filed their counterclaim against the civic club for malicious prosecution.

In answer to the special issues, the jury found (1) that Henehen's house did *not* contain less than the required square footage and (2) that the plaintiffs brought their suit with malice, without probable cause and to the damage of defendants. Judgment was subsequently entered for defendants.

■ Appellant contends the trial court erred in rendering judgment because appellees failed to plead and prove a fundamental element necessary for recovery. In an action for malicious prosecution, a party must plead and prove that: (1) a civil suit was previously filed; (2) the defendant in the malicious prosecution suit filed the original civil suit; (3) the original suit was instituted maliciously; (4) there was no probable cause for filing the original suit; (5) *the original proceeding terminated in favor of the party who later brought the malicious prosecution action;* and (6) damages resulted. *Martin v. Trevino,* 578 S.W.2d 763 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.). Here, it is clear that appellees filed their suit prematurely. No judgment had been entered on the original proceeding. Therefore, they failed to plead and prove a legal cause of action upon which judgment could be rendered. *See Smart v. Carlton,* 557 S.W.2d 553 (Tex.Civ.App.—Beaumont 1977, writ ref'd n.r.e.).

The judgment of the trial court is reversed, and judgment is rendered that appellees take nothing.