Joe C. WILLIAMS, Jr., Appellant,

v.

HOWE STATE BANK and Jerry Harlan, Appellees.

No. 05–85–00256–CV.

Court of Appeals of Texas, Dallas.

Nov. 8, 1985.

Norman Darwin, Fort Worth, for appellant.

J. Don Gordon, Sherman, for appellees.

Before VANCE, McCLUNG and ZIMMERMANN, JJ.

VANCE, Justice.

This is an appeal from an order granting summary judgment in favor of appellees Howe State Bank and Jerry Harlan on the claim of appellant Joe C. Williams, Jr. for malicious prosecution. In two points of error, Williams complains that the trial court erred in granting summary judgment because (1) the motion was insufficient to establish that there was no material issue of fact raised by the pleadings and (2) appellant pleaded the requisite elements of malicious prosecution and thereby created material issues of fact. We do not agree with either contention and, consequently, affirm the judgment of the trial court.

Parties moving for summary judgment assume the burden of showing as a matter of law that the plaintiff has no cause of action against them. *Citizens First National Bank of Tyler v. Cinco Exploration Co.*, 540 S.W.2d 292, 294 (Tex.1976). The question then is whether the summary-judgment proof establishes as a matter of law that at least one or more essential elements of the plaintiff's cause of action do not exist. *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 537 (Tex.1975); *Fisher v. Beach*, 671 S.W.2d 63, 65–66 (Tex. App.—Dallas 1984, no writ). To prevail on a claim of malicious prosecution, the plaintiff must prove that the defendants, acting with malice and without probable cause, initiated or continued prosecution which terminated in acquittal and resulted in damages. *James v. Brown*, 637 S.W.2d 914, 918 (Tex.1982); *Fisher*, 671 S.W.2d at 66.

In the present case, the relevant summary-judgment evidence is as follows: on January 23, 1979, Williams was convicted (in cause no. 30,575) of theft under section 31.03(d)(4)(A) of the Texas Penal Code, the general theft statute. On November 29, 1982, the Texas Court of Criminal Appeals reversed Williams's conviction on the ground that he should have been charged under section 32.33 of the Penal Code, a specific statute entitled Hindering Secured Creditors, rather than under the general theft statute. According to the mandate issued by the Court of Criminal Appeals, the cause was reversed and "remanded for further proceedings in accordance with the opinion of this Court." The record contains an affidavit dated December 1, 1984, from the District Clerk of Grayson County stating that there has been no order disposing of cause no. 30,575 since December 1, 1982 (when the remand from the Court of Criminal Appeals was filed with the District Clerk) and that such cause "still and presently is pending on the docket of the 59th District Court of Grayson County, Texas." Williams never disputed any of this summary-judgment evidence and never filed a response to the motion for summary judgment.

Essential for maintaining a suit for malicious prosecution is proof that the suit upon which the action is predicated resulted in acquittal. *Terk v. Deaton*, 555 S.W.2d 154, 155 (Tex.Civ.App.—El Paso 1977, no writ). An acquittal can be shown only when the original proceeding terminated in favor of the party who *later* brought the malicious prosecution action. *Oak Crest Civic Club v. Lowe*, 678 S.W.2d 93, 94 (Tex.App.—Houston [14th Dist.] 1984, writ dism'd). Therefore, if the suit for malicious prosecution is filed before the prior proceeding reaches a final determination in the plaintiff's favor, the suit is brought prematurely. Under this circumstance, the plaintiff fails to state a legal cause of action upon which a judgment can be rendered. *Delaporte v. Preston Square, Inc.*, 680 S.W.2d 561, 564 (Tex. App.—Dallas 1984, writ ref'd n.r.e.); *Oak Crest Civic Club*, 678 S.W.2d at 94.

In the present case the essential element of acquittal does not exist because the criminal complaint against Williams is still pending; consequently, there has been no favorable termination of the criminal suit. The case cited by Williams, *Zello v. Glover*, 59 S.W.2d 877 (Tex.Civ.App.—Amarillo 1933, no writ), is distinguishable from the present case because in *Zello* the appellant

was "no billed" by the grand jury. Here, Williams has been indicted by the grand jury and the charge against him is still pending. Furthermore, in the instant case, the summary judgment evidence of the indictment and the pending status of the charge was not controverted by any opposing evidence. Therefore, the summary-judgment evidence was sufficient to negate the acquittal element of a malicious prosecution suit, and the summary judgment was proper. We overrule Williams' first point of error.

In his final point of error, Williams contends that summary judgment is improper because he pleaded a cause for malicious prosecution that raised issues of fact. The rule has long been established in Texas that pleadings alone do not constitute summary judgment proof. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540, 545 (Tex.1971). Consequently, Williams' pleadings did not raise any fact issues in the summary judgment proceeding. We overrule Williams' final point of error.

Affirmed.