**In re Lawrence R. LOTTMAN, aka Lawrence Richard Lottman, Patricia A. Lottman, aka Patricia Ann Lottman, Debtors.**

**Bankruptcy No. B87–01395–Y.**

United States Bankruptcy Court, N.D. Ohio.

May 23, 1988.

---

Lawrence and Patricia Lottman, Salem, Ohio, debtors.

Douglas Toot, Canfield, Ohio, for debtors.

Michael A. Gallo, Youngstown, Ohio, Trustee.

William J. Kopp, Cleveland, Ohio, for United States of America, Internal Revenue Service.

1. According to the Court's records, the time elapsing between dismissal of the original Petition and filing of the new Petition was 26 minutes.

2. It is unclear how this amount was calculated since the balance remaining from the original filing ($2,786.31), plus the post-Petition amounts

### MEMORANDUM OPINION

WILLIAM T. BODOH, Bankruptcy Judge.

This matter comes before the Court on the Debtors' Objection to a Proof of Claim filed by THE UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE ("IRS"). The Debtors filed a Petition for Relief under Chapter 13 of Title 11 of the United States Code on June 8, 1982. On November 4, 1982, the Debtors' Plan for Reorganization was confirmed, which included full payment of an unsecured claim for Thirteen Thousand, Three Hundred Seventy–Nine & 66/100 Dollars ($13,-379.66) filed by the IRS. On December 23, 1986, the IRS filed an Amended Claim, requesting payment of Six Thousand, Ninety–Nine & 25/100 Dollars ($6,099.25) in post-Petition taxes, interest and penalties as an administrative expense. In October 1987, the IRS moved to either convert or to dismiss the Chapter 13 case due to the accrual of the post-Petition tax liabilities. In response, the Debtors filed a Voluntary Motion for Dismissal, which the Court granted on October 28, 1987. At the time of dismissal, the Debtors had paid the IRS Ten Thousand, Five Hundred Ninety–Three & 35/100 Dollars ($10,593.35) on its pre-Petition claim, leaving a balance due of Two Thousand, Seven Hundred Eight–Six & 31/100 Dollars ($2,786.31). Immediately after dismissal of the Debtors' Chapter 13 Petition, the Debtors filed a new Petition for relief under Chapter 13.[1] On the new Petition, the IRS was scheduled as a creditor to whom was owed the sum of Nine Thousand, Two Hundred & 00/100 Dollars ($9,200.00), plus penalties and interest.[2] On January 25, 1988, the IRS filed a Proof of Claim in the second Chapter 13 case for Fourteen Thousand, Seven Hundred Two & 25/100 Dollars ($14,702.25), including Two Thousand, One Hundred Ten & 23/100 Dollars ($2,110.23) in penalties.[3] The differ-

claimed by the IRS ($6,099.25), equals $8,885.56.

3. The IRS subsequently amended its Proof of Claim on April 12, 1988. While the total amount claimed remained unchanged, the amounts and penalties claimed were classified as either priority or general unsecured claims.

ence in the claim scheduled by the Debtors and the claim asserted by the IRS is allegedly based on the IRS assessment of interest and penalties on the tax claims filed under the first Petition. The Debtors objected to the IRS claim and the matter was set for a hearing on April 20, 1988. Since the Court found that no factual dispute existed and that the question was solely a question of law, the Court took the matter under advisement.

■ Before addressing the substantive legal question involved in this proceeding, it is necessary to address one preliminary issue. The IRS asserts that successive Chapter 13 filings by the Debtors constitute an abuse of the bankruptcy process. However, the Debtors' successive filing of Chapter 13 bankruptcy Petitions does not, in and of itself, constitute bad faith. *In re Metz*, 820 F.2d 1495, 1497 (9th Cir.1987). The Debtors' initial Petition resulted in payments to the IRS of over Ten Thousand & 00/100 Dollars ($10,000.00). The Debtors' failure to pay tax liabilities which accrued during the pendency of their original Chapter 13 case is not, *ipso facto*, a lack of good faith. Upon appropriate objection, the Debtors' failure to both complete their prior Plan and to keep current on their post-Petition tax liabilities may prevent confirmation of their second Plan pursuant to 11 U.S.C. Sec. 1325(a)(6). That issue has not been raised and is not now before the Court. Furthermore, the Court does not conclude from the facts before us that the principal purpose of the second filing is to avoid tax liability, as the IRS suggests in its response to the Debtors' Objection. In the absence of any other evidence, the Court concludes that the Debtors intend to propose a Plan which will provide for fulfillment of their obligations to the IRS in their entirety.

■ The principal legal question before the Court is whether the IRS is entitled to claim, from the second Chapter 13 estate, interest and penalties on tax obligations incurred [prior to the filing of the original

Petition] during the period from the filing of the initial Petition until the filing of the second Petition.[4] In *Nicholas v. United States*, 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966), the United States Supreme Court considered the rules governing the suspension of interest in a similar factual setting under prior bankruptcy statutes. The Court found that, for purposes of the question presented, a bankruptcy proceeding was divisible into three periods: the pre-arrangement period (pre-Petition), the arrangement period (while the Chapter XI was pending), and the liquidating bankruptcy period (analogous to a conversion to a Chapter 7 liquidation). It also found that a tax incurred within any one of the periods could accrue interest only until the close of that period. The court wrote:

... (T)he circumstances of the present case commend a division into three periods—the pre-arrangement period, the arrangement period, and the liquidating bankruptcy period. A tax incurred within any one of these three periods would, we think, be entitled to bear interest against the bankrupt estate until, but not beyond, the close of the period in which it was incurred. Thus, in a case concerning taxes incurred during the first period—that is, before the filing of a petition for a Chapter XI arrangement—the Court has summarily affirmed a judgment holding that the accumulation of interest must be suspended as of the date the Chapter XI petition was filed. Where, as in the present case, the taxes have been incurred in the Chapter XI proceeding itself, application of the principle enunciated ... permits interest to accrue throughout the arrangement proceeding; the principle requires only that the accumulation of interest be suspended once a petition in bankruptcy is filed.

*Id.* at 686, 86 S.Ct. at 1681.

Despite the fact that the *Nicholas* decision was based upon pre-Code bankruptcy law, this Court believes that the decision is helpful in fashioning a resolution to the

---

**4.** For purposes of this proceeding, the Court assumes that the penalty relief provisions found in 26 U.S.C. Sec. 6658 are inapplicable.

present dispute consistent with Congressional policy.[5] A blanket adoption of the IRS rationale would essentially penalize the Debtors for invoking the continued protection of the United States bankruptcy laws. It would be unfair to permit the collection of interest on amounts which are delayed through the necessities of estate administration. In effect, the IRS would receive a windfall not enjoyed by other creditors by virtue of the delays which are not only inherent in the administration of any estate, but are also specifically contemplated by use of the Chapter 13 rehabilitation provisions. We are firmly persuaded that Congress did not provide by statute for such a result. At the same time, however, we cannot justify treating the Debtors' dismissal as a *de facto* conversion. The Debtors are, and properly should be, responsible for their failure or inability to correctly fund their tax obligations during the pendency of their original Chapter 13 proceeding.

Therefore, the Court will sustain the Debtors' Objection in part and deny it in part. The IRS will not be entitled to assess interest and penalties after the filing of the original Chapter 13 Petition for tax claims arising before the filing of the original Petition. The IRS claim shall be disallowed to the extent it includes such interest or penalties. At the same time, the IRS is entitled to assess interest and penalties on tax obligations which arose after the original filing until the second filing. The IRS will also be granted leave to file an Amended Proof of Claim in accordance with this Memorandum Opinion.

An appropriate Order shall issue.

---

**5.** Absent an explicit expression of Congressional intent to overrule prior authoritative holdings, it is presumed such precedent shall continue to be used in construing the scope of bankruptcy codifications. *Midlantic Natl. Bank v. N.J. Dept. of Environmental Protection,* 474 U.S. 494, 106 S.Ct. 755, 88 L.Ed.2d 859 (1986); *Kelly v. Robinson,* 479 U.S. 36, 107 S.Ct. 353, 358, 93 L.Ed.2d 216, 227 (1986); *In re U.S. Lines, Inc.,* 79 B.R. 542, 548 (Bankr.S.D.N.Y.1987).