**In re David W. MITCHELL, Debtor.**

**UNITED STATES of America, Movant,**

v.

**David W. MITCHELL and George W. Stevenson, Trustee, Respondents.**

**Bankruptcy No. 88–22919–D.**

United States Bankruptcy Court,
W.D. Tennessee, W.D.

Dec. 6, 1988.

Irving S. Zeitlin, Memphis, Tenn., for debtor.

Gary A. Vanasek, Asst. U.S. Atty., Memphis, Tenn., for the U.S.

George W. Stevenson, Memphis, Tenn., Standing Chapter 13 Trustee.

MEMORANDUM AND ORDER

BERNICE BOUIE DONALD,
Bankruptcy Judge.

INTRODUCTION

The Court has before it for consideration an Objection to the Claim filed by the Internal Revenue Service. The Debtor originally filed a Petition for relief under Chapter 13 of the United States Bankruptcy Code February 17, 1983. A series of activities took place which are set forth in the "stipulated facts". On July 18, 1988, the United States of America, on behalf of the Internal Revenue Service, filed a Motion to Allow Claim and Amend Plan, or in the Alternative, to Dismiss. Debtor subsequently filed an Objection to Claim of Internal Revenue Service. The Motion was originally set for hearing on August 3, 1988, and was continued thereafter until September 20, 1988. The parties agreed to stipulate to certain facts and submit the matter to the Court on memoranda.

## STIPULATED FACTS

On April 25, 1988, David W. Mitchell filed Chapter 13 Case Number 88–22919–D. The Debtor's plan was confirmed on June 10, 1988, and provided a payment of $50.00 per month on the priority claim of the Internal Revenue Service. On June 13, 1988, the Internal Revenue Service filed a timely proof of claim asserting a priority claim for taxes and interest of $5,577.68 as follows:

| Kind of Tax | Period | Tax Due | Interest to Petition Date |
|---|---|---|---|
| 1040 | 1982 | –0– | $398.82 |
| 1040 | 1983 | –0– | $843.26 |
| 1040 | 1984 | $1,395.57 | $828.72 |
| 1040 | 1985 | $1,674.88 | $436.43 |

In addition, the Internal Revenue Service asserted a general unsecured claim for pre-petition penalties associated with the above-referenced tax liabilities in the amount of $1,096.41.

On July 8, 1988, the United States filed a Motion to Allow Claim and Amend Plan or in the Alternative to Dismiss essentially asserting a right to payment in full of its claim and alleging that the Debtor's plan would not result in full payment. On August 9, 1988, the Debtor filed an Objection to the Claim of the Internal Revenue Service asserting that the proof of claim improperly included taxes which were paid in a previous Chapter 13 case as well as interest and penalties which accrued during the pendency of the Chapter 13 case subsequently dismissed by the Court.

The Court's records reflect that David W. Caldwell filed a previous Chapter 13 case on February 17, 1983, Case Number 83–20603–B. The Internal Revenue Service filed an original and four amended claims during this first Chapter 13 case as follows:

| Claim # | Date | Amount | Kind of Tax | Periods |
|---|---|---|---|---|
| Original | 4/06/83 | $ 3,644.43 | 1040 | 1979, 1980, 1981 |
| # 1 | 9/05/85 | $ 7,836.75 | 1040 | Add 1982 and 1983 |
| # 2 | 4/27/87 | $10,270.01 | 1040 | Add 1984 |
| # 3 | 6/04/87 | $10,566.47 | 1040 | Add 1986 |
| # 4 | 2/02/88 | $12,241.35 | 1040 | Add 1985 |

Each of the above claims was duly allowed by Orders of the Court. On April 5, 1988, the Court signed an Order dismissing the Debtor's 1983 Chapter 13 case based on the Trustee's Motion to Dismiss. The Trustee's Final Accounting reflects that during the Debtor's 1983 Chapter 13 case the Internal Revenue Service received $10,118.87 on its claims.

It is acknowledged by the Internal Revenue Service that during the pendency of any Chapter 13 case it calculates for bookkeeping purposes only, but does not claim, interest and penalties and generally applies payments first to tax, second to penalty, and third to interest with the oldest liability paid first. In the event a Chapter 13 debtor successfully completes a plan and receives a discharge by paying the Internal Revenue Service's claim in full, the Internal Revenue Service abates any remaining balance owed as a result of the bookkeeping calculations mentioned above so that the debtor's account will reflect a zero balance due. On the other hand if the debtor is dismissed from a Chapter 13 case, the Internal Revenue Service will seek collection of the balance owing, including the interest and penalty calculated during the pendency of the bankruptcy, from the individual. Consequently, if such an individual files a new Chapter 13 petition, the liability owed to the Internal Revenue Service as of the date of the new petition, will include interest and penalties calculated during the previous Chapter 13 case and accrued after the dismissal.

The question before the Court is, whether in a new case filed under Chapter 13 of the United States Bankruptcy Code, the Internal Revenue Service may properly claim interest attributed to the period of the pendency of a prior Chapter 13 case which was dismissed.

## DISCUSSION

This matter is a core proceeding under 28 U.S.C. § 157(b)(2) and the Bankruptcy Court may exercise full and final judicial authority subject to appeal under 28 U.S.C. § 158.

The General Rule is that interest upon all claims against the Debtor cease to accrue once the petition has been filed. 11 U.S.C. § 502(b)(2).

The Movant asserts that in as much as the Debtor failed to obtain a discharge in the prior Chapter 13 case, the Debtor remains responsible for all unpaid interest and penalties calculated during the pendency of the case. Further that the Debtor would only have been entitled to abatement of penalties and interest if a discharge had been granted. The Movant therefore asserts a right to receive full payment of all tax, interest and penalty thus accrued as of the second petition date in accordance with 11 U.S.C. § 507(a)(7).

The Debtor maintained that the automatic stay prohibits the accrual of interest and penalties on pre-petition as well as post-petition taxes during the pendency of a Chapter 13 case and cannot be claimed in a later case despite the dismissal.

The automatic stay is one of the fundamental debtor protections provided by the Bankruptcy laws. It gives the debtor a breathing spell from his creditors. The automatic stay stops all civil and administrative proceedings against the debtor and the debtor's property, 11 U.S.C. § 362. The automatic stay remains in effect, unless the Court permits a lifting of the stay, until a discharge is granted or the case is closed. If a discharge is granted, the stay is replaced by a permanent injunction as to those debts. 11 U.S.C. § 1328. Therefore, if a discharge had been granted, clearly the Movant would have been prohibited from filing a claim for such interest and penalties in a subsequent case of the Debtor.

In the instant case, however, the Debtor did not receive a discharge, but allowed the case to be dismissed. Specifically, § 349(b)(3) provides in pertinent part as follows:

> Unless the Court orders otherwise, a dismissal of a case ... of this title (3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case ...

> Further the basic purpose of the subsection is to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case. (H.R.Rep. No. 95–595, 95th Cong., 1st Sess., 337–38 (1977); S.Rep. No. 95–989, 95th Cong., 2nd Sess., 48–49 (1978), U.S.Code Cong. & Admin.News 1978, 5787.

Once the Debtor's case was dismissed, the Movant and the Debtor were placed back in their positions prior to the filing of the original Petition. 11 U.S.C. § 349. The Debtor argues that this is unjust since the trustee had paid the primary underlying tax obligation during the pendency of the case, therefore, the slate was wiped clean with respect to these tax years. The Court is of the opinion that that would have been correct, had the Debtor obtained a discharge. But since the case was dismissed, the Movant was entitled to proceed as if no Bankruptcy filing occurred, including going back and calculating penalty and interest.

The Debtor relies on *In re Lottman*, 87 B.R. 32 (N.D.Ohio 1988) to support the position that in a subsequent Chapter 13 case, after dismissal of a previous case, the Internal Revenue Service cannot claim interest and penalties calculated during the pendency of the first case on pre-petition taxes in the first case. The Court in *Lottman* relies on *Nicoholas v. United States*, 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966), which held that post-petition interest and penalty on a pre-petition debt could

**618**

not be claimed against the *bankruptcy estate*. This language, on its face, tends to support the Debtor's position. However, the claim in the instant case is against the Debtor individually and not the estate. The Supreme Court earlier held in *Bruning v. United States*, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964), that a debtor remains personally liable after the discharge ... for any pre-petition tax and pre-petition interest not paid from the estate, as well as for post-petition interest accruing during the pendency of the Bankruptcy. In the instant fact situation, the Internal Revenue Service is making a claim against the Debtor individually, and not against the estate. This distinguishes the present set of facts from *Lottman*.

Similarly, the Sixth Circuit Court of Appeals held that the Government was not precluded from seeking to recover from the debtor personally post-petition interest on a non-dischargeable debt for taxes, even though the underlying tax debt has been paid by the estate. *United States v. River Coal Company, Inc.*, 748 F.2d 1103 (6th Cir.1984). The Court, in *In re Stine*, 81 B.R. 641, 61 AFTR 2d 88–1219, (Bkrtcy.N. D.Fla.1988), dealt with a similar fact situation, and concluded that a debtor may be held responsible for post-petition interest on his non-dischargeable tax liabilities up to the date of payment by the trustee of the pre-petition tax.

## CONCLUSION

Based on all the foregoing, the Court finds that the Debtor's Objection to the Claim of the Internal Revenue Service should be denied since the Debtor did not receive a discharge of his tax liability under 11 U.S.C. § 1328, but instead allowed the plan to be dismissed. Under the code, a dismissal puts the parties back in their original position prior to the filing of a petition. Further, even though a subsequent petition was filed, the dismissal of the original petition allows the Internal Revenue Service to file a claim against the Debtor for accrued post-petition interest and penalties during the pendency of the prior case.

The Movant's proof of claim is allowed with necessary amendments to effectuate the Court's·ruling.

Further, the Movant shall itemize the claim to show with clarity and specificity the dollar amounts of the claim, the tax periods they relate to, and any payment of the Debtor that should be credited thereto.

IT IS SO ORDERED.