**In re Frank and Valentina WHITMORE, Debtors.**

**Bankruptcy Bk–S–89–4050–LBR.**

United States Bankruptcy Court, D. Nevada.

May 5, 1993.

---

Thomas A. Mark, Gubler, Peters & Mark, Las Vegas, NV, for debtors.

David W. Sorensen, Sp. Asst. U.S. Atty., IRS Dist. Counsel, Las Vegas, NV, for the IRS.

## MEMORANDUM REGARDING DEBTORS' MOTION TO DISALLOW CLAIMS OF IRS

LINDA B. RIEGLE, Bankruptcy Judge.

### *FACTUAL BACKGROUND*

The Debtors, Frank and Valentina Whitmore, filed their first petition for relief under Chapter 13 of the Bankruptcy Code

on February 27, 1987. The Debtors' plan in that case was confirmed in April of 1987, and the Debtors made payments under that plan for approximately two years. However, in July of 1988, the IRS filed an amended proof of claim in an amount significantly greater than that which had been budgeted for by the Debtors in the plan. Under the belief that the remaining plan period would not be sufficient to allow the Debtors to make up the deficiency to the IRS, the Debtors voluntarily dismissed their bankruptcy case on December 11, 1989. The Debtors then filed a new Chapter 13 petition on December 29, 1989, apparently intending to take advantage of the new full five-year payment period accompanying the second filing.

Much to the Debtors' surprise, however, the IRS filed a proof of claim in the second case seeking a substantial amount in interest and penalties on the original prepetition claim of the IRS from the period of the original filing through the date of the voluntary dismissal. On October 26, 1992, the Debtor filed a Motion to Disallow Claims of the IRS ("Motion"), objecting to the IRS' claim to interest and penalties accruing subsequent to the filing of the original petition. The Motion was originally scheduled for hearing on November 24, 1992, but was continued to January 14, 1993, at which time the Court took the matter under advisement.

The Debtors filed a supplemental Memorandum in Support of Debtor's [sic] Motion to Disallow Claims on February 17, 1993. For the following reasons, the Debtors' Motion is DENIED.

### *LEGAL DISCUSSION*

As a general rule, interest on a claim stops accruing on the date of the filing of a petition in bankruptcy. 11 U.S.C. § 502(b)(2). *See also Sexton v. Dreyfus*, 219 U.S. 339, 31 S.Ct. 256, 55 L.Ed. 244 (1911). In *United States v. Saper*, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710 (1949), the United States Supreme Court

made this rule specifically applicable to the accumulation of interest on claims for taxes. And in *Nicholas v. United States*, 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966), the Supreme Court, citing *Sexton* and *Saper*, reaffirmed that the accumulation of interest on a tax debt must be suspended once an enterprise enters a period of bankruptcy administration beyond that in which the underlying interest-bearing obligation was incurred. Thus, for instance, the *Nicholas* court explained that a tax incurred prior to the filing of a petition in reorganization ceases to incur interest upon the filing of the petition, and a tax incurred subsequent to the filing of the petition, i.e., during the reorganization period, would cease accumulating interest once the enterprise entered a liquidating period.[1]

In support of their Motion, the Debtors cite the case of *In re Lottman*, 87 B.R. 32 (Bankr.N.D.Ohio). In *Lottman*, as in the instant case, the debtors voluntarily dismissed their first Chapter 13 petition and immediately filed a new Chapter 13 petition. The IRS then filed a proof of claim in the second case, seeking interest and penalties on the original pre-petition debt which interest and penalties had accrued subsequent to the filing of the first petition. The court, relying on *Nicholas*, held that the IRS was not entitled to assess interest and penalties after the filing of the original Chapter 13 petition for tax claims arising before the filing of the original petition.

This Court disagrees that the analysis of this issue begins and ends with the *Nicholas* decision. While it is true that *Nicholas* does require the suspension of interest on a pre-petition tax debt once a petition in bankruptcy has been filed, the *Lottman* approach ignores the effect of the *dismissal* of a case pursuant to 11 U.S.C. § 349(b). That section provides:

(b) Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title—

(1) reinstates—

---

1. *Nicholas* was decided under the Bankruptcy Act, not the Bankruptcy Code. However, it is generally agreed that *Nicholas* remains good law under the Code. *See, e.g., In re Mark Anthony Construction, Inc.*, 886 F.2d 1101, 1106–1107 (9th Cir.1989).

(A) any proceeding or custodianship superseded under section 543 of this title;

(B) any transfer avoided under section 522, 544, 545, 547, 548, 549, 724(a) of this title, or preserved under section 510(c)(2), 522(i)(2), or 551 of this title; and

(C) any lien voided under section 506(d) of this title;

(2) vacates any order, judgment, or transfer ordered, under section 522(i)(1), 550, or 553 of this title; and

(3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

11 U.S.C. § 349(b). As pointed out by the Ninth Circuit Court of Appeals in *In re Nash*, 765 F.2d 1410, 1414 (9th Cir.1985), "[t]he legislative history of § 349(b) states that '[t]he basic purpose of the subsection is to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case.'" (citing S.Rep. No. 989, 95th Cong., 2d Sess. 49, U.S. Code Cong. & Admin.News 1978, pp. 5787, 5835). *See also In re Income Property Builders, Inc.*, 699 F.2d 963, 965 (9th Cir.1982) (§ 349 "obviously contemplates that on dismissal a bankrupt is reinvested with the estate, subject to all encumbrances which existed prior to the bankruptcy.")

If the effect of the dismissal of a case is to completely "undo" a case and to restore all parties to their pre-bankruptcy positions regardless of all interim activities undertaken and orders and judgments entered by the bankruptcy court, surely the IRS must be returned to its pre-bankruptcy position as well, including being permitted to go back and calculate interest and penalties on

former "pre-petition" debts. So reasoned the court under similar facts in *In re Mitchell*, 93 B.R. 615, 617 (Bankr. W.D.Tenn.1988) ("since the [original] case was dismissed, the [IRS] was entitled to proceed as if no Bankruptcy filing occurred, including going back and calculating penalty and interest.")[2] To hold otherwise, this Court believes, could, in effect, give creative debtors two consecutive three to five-year periods in which to pay off priority tax debts without the accumulation of interest. Had this been the intention of Congress, surely § 1322(c), providing for a maximum repayment period of five years in a Chapter 13 case, would read differently.

For these reasons, this Court holds that pursuant to 11 U.S.C. § 349(b), where the original bankruptcy case has been dismissed, the IRS is entitled, in a subsequent bankruptcy case, to go back and calculate penalties and interest on its original prepetition claim, which penalties and interest had been previously suspended by the original filing.

Counsel for the IRS is hereby instructed to prepare an appropriate order.

---

**2.** In addition to relying on § 349(b), the *Mitchell* court further distinguished the *Lottman* case by noting that in *Lottman,* the IRS was making a claim against the estate, while in the case before it the IRS was making a claim against the debtor individually. This factor was significant, the *Mitchell* court believed, because in *Bruning v. United States,* 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964), the Supreme Court held that post-petition interest on nondischargeable tax claims is recoverable in a later action against a

debtor personally, despite the general rule that interest ceases to accrue on a debt at the time that a petition in bankruptcy is filed. Whether a claim of the IRS is against the estate or an individual debtor, this Court believes that the effect of dismissal pursuant to § 349(b) is sufficient to bring this case out from under the rule of *Nicholas.* Accordingly, it is not necessary to this Court's holding to find that the IRS is currently pursuing the Debtors individually rather than the estate.