**In re Robert Dean LYALL, Debtor.**

**Bankruptcy No. 92–44187–H5–13.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Aug. 25, 1993.

George A. Kurisky, Hays, McConn, Price & Pickering, Houston, TX, for debtor.

Portia N. Rose, Houston, TX, for I.R.S., Houston Dist. Counsel.

## ORDER

KAREN KENNEDY BROWN, Bankruptcy Judge.

Before the Court is the Debtor's Motion for Summary Judgment on the Debtor's Objection to the Claim of the Internal Revenue Service and the Motion for Summary Judgment and Response to Debtor's Motion for Summary Judgment on the Debtor's Objection to the Claim of the Internal Revenue Service filed by the Internal Revenue Service. This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(B). The issue to be decided is whether the IRS is entitled to claim penalties and interest on its claim which accrued during the prior bankruptcies of debtor which were dismissed without debtor receiving a discharge. Based on the Court's analysis of the undisputed facts and the law the Court determines that summary judgment in favor of the IRS is appropriate.

1. On May 13, 1980, debtor filed his first chapter 13 bankruptcy. The IRS filed a claim in that bankruptcy in the amount of $198,713.59. Debtor's plan was confirmed on August 7, 1980. Debtor was unable to complete his plan payments and his case was dismissed on July 26, 1983.

2. On April 15, 1986, debtor filed his second bankruptcy under chapter 13 and the IRS filed a proof of claim in an amount which is unknown at this time. Debtor made some payments under the plan but the case was dismissed on July 26, 1990.

3. On May 6, 1992, debtor filed the instant chapter 13 and the IRS filed its proof of claim for $351,924.10. The IRS filed an amended proof of claim on December 23, 1992, in the amount of $479,810.52.

4. The IRS is an undersecured creditor.

5. Debtor claims that the IRS seeks to include in its claim post-petition interest and penalties on prepetition claims.

6. The IRS contends that its claim includes interest and penalties on its claim through the first and second bankruptcies but that accrual stopped as of the date of this bankruptcy. The IRS contends that since debtor did not receive a discharge from his dismissed first and second bankruptcies, that penalties and interest continued to accrue throughout those proceedings as if no bankruptcy had been filed.

7. The Court finds that penalties and interest continue to accrue through a chapter 13 where the case is dismissed prior to debtor receiving a discharge. *Bruning v. U.S.*, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964); *In re Whitmore*, 154 B.R. 314 (Bankr.D.Nev.1993); *In re Mitchell*, 93 B.R. 615 (Bankr.W.D.Tenn.1988).

8. Based on the foregoing, the IRS may include in its claim penalties and interest accrued throughout debtor's prior bankruptcies up to the date of the filing of the instant bankruptcy case.