**In re Mary Louise HESS, Debtor.**

**Bankruptcy No. 94–11674–LN.**

United States Bankruptcy Court, W.D. Oklahoma.

Sept. 26, 1994.

Douglas F. DuFort, Duncan, OK, for debtor.

Craig S. Key, Asst. Gen. Counsel, Oklahoma City, OK, for Oklahoma Tax Comm'n.

Edith F. Moates, Sp. Asst. U.S. Atty., Oklahoma City, OK, for U.S.

Pat Brown, Michael L. Loyd & Associates, Bethany, OK, for Chrysler Credit Corp.

1. References herein to statutory provisions by section number only will be to provisions of the Bankruptcy Code, 11 U.S.C. § 101 et seq., unless the context requires otherwise.

2. Debtor and CCC reached agreement with respect to the CCC claim, an order accepting the compromise was entered, and the objection to

## ORDER ON DEBTOR'S COMBINED OBJECTION TO PROOFS OF CLAIM

PAUL B. LINDSEY, Chief Judge.

On September 16, 1991, debtor, jointly with her late husband, filed a voluntary petition under Chapter 13 of the Bankruptcy Code.[1] In March 1992, a Chapter 13 plan was confirmed by the court in that case. Debtor thereafter suffered extensive health problems and her husband later died. Being unable to complete her plan, debtor filed her motion to dismiss the case. On March 11, 1994, the case was dismissed by the court, without prejudice.

On March 28, 1994, debtor filed the present case, also under Chapter 13. In this case, proofs of claim have been filed, *inter alia*, by Chrysler Credit Corporation ("CCC"), Oklahoma Tax Commission ("OTC") and Internal Revenue Service ("IRS"), each of which includes interest for the period during which debtor's 1991 case was pending, on claims which existed prior to the filing of that case. Debtor has objected to those claims to the extent of such interest.[2]

### DEBTOR'S CONTENTIONS

In her objection, debtor first notes that, under § 502(b)(2), a claim for unmatured interest is disallowed. A proof of claim relates to a debt existing at the petition date. Therefore, interest on that debt after the petition date ordinarily may not be recovered in bankruptcy.[3]

Debtor next refers to § 349, providing for the effect of dismissal of a bankruptcy case. She notes that § 349 describes with specificity certain transactions or proceedings which are reinstated by a dismissal, but that it is silent with regard to any penalty or interest "which may have accrued during the pendency of the case, but that was frozen under

the CCC claim is therefore no longer before the court.

3. Sections 506(b) and 726(a)(5) provide exceptions to this rule, neither of which is applicable to the issues before the court in this case.

the provisions of Section 502(b)(2)." *Debtor's Combined Objection*, at 3. Debtor then contends that had Congress intended to provide for the reinstatement of back penalty and interest upon dismissal of a case, it would have done so, and that having not done so, § 349 has no applicability to this case.

Debtor next urges that the court adopt the reasoning and result of *In re Lottman*, 87 B.R. 32 (Bankr.N.D.Ohio 1988), and to reject the reasoning and decision of *In re Whitmore*, 154 B.R. 314 (Bankr.D.Nev.1993).[4]

Finally, debtor urges the court, on equitable grounds, to exercise its discretion under § 349 and disallow the claims to the extent that they include interest accrued during the pendency of debtor's 1991 case on tax debts incurred prior to the filing of that case.

## CONTENTIONS OF OTC AND IRS

Not surprisingly, OTC and IRS urge the court to apply § 349 to the facts of this case, to reject *Lottman*, and to adopt *Whitmore*.

IRS argues, *inter alia*, that such a determination would not result in any windfall to it, as was apparently feared or envisioned by the court in *Lottman*.

OTC argues that to adopt the position urged by debtor would give debtor a discharge (as to the interest) to which she was not entitled. OTC notes that § 1328 provides for a discharge only upon completion of a Chapter 13 plan.[5]

OTC also contends that to disallow the interest claimed would, in effect, allow this debtor two consecutive three to five-year periods within which to repay priority tax debts without the accumulation of interest. OTC contends that this would violate the mandate of § 1322(c), that a Chapter 13 plan may not exceed three, or upon a finding of cause, five years in length.

## THE AUTHORITIES

In *In re Lottman, supra*, decided in May 1988, the court determined that the IRS could not collect, in a subsequent Chapter 13 case, interest and penalties accrued but not claimed on tax obligations incurred prior to the filing of a previous Chapter 13 case which was dismissed without a discharge being granted to the debtor. The court appeared to rely upon its apparent fear, the basis for which is not at all clear, that the IRS might reap a windfall not available to other creditors if it ruled otherwise.

The *Lottman* court also based its decision upon *Nicholas v. United States*, 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966), a pre-Code decision involving a reorganization case which was converted to a "straight" bankruptcy liquidation case. In *Nicholas*, the proceeding was divided into three periods for purposes of dealing with interest on tax claims: Pre-arrangement (pre-petition); arrangement (while in reorganization); and liquidation (post-conversion). *Nicholas* did not involve, and therefore did not deal with, a situation, as here, where one bankruptcy proceeding is dismissed without a discharge being entered and another proceeding is later commenced.

The *Lottman* court did not address this distinction, which this court, along with all courts which have subsequently dealt with the issue, believes to be of considerable importance.

It is noted that in *Lottman*, the debtors urged that the court find that the dismissal and immediate refiling was a *de facto* conversion, which would have prevented IRS from claiming interest or penalties on any tax obligations incurred between the filing of the first and the second petitions. The court wisely refused to accept debtor's invitation to venture that far afield.

In *In re Whitmore, supra*, the court addresses the effect of the intervening dismissal, and its effect under § 349(b),[6] citing *In re*

---

4. These and other authorities are discussed *infra*.

5. Section 1328(b) provides for a "hardship" discharge without completion of a Chapter 13 plan, but only under circumstances not present here.

6. Section 349(b) provides that, unless the court, for cause, orders otherwise, dismissal reinstates certain specified proceedings, transfers and lien avoidances; vacates certain orders, judgments and transfer orders, and revests property in the entity in which such property was vested immediately before the commencement of the case.

*Nash,* 765 F.2d 1410, 1414 (9th Cir.1985), which in another context had quoted from the legislative history of § 349(b), as follows:

> The basic purpose of the subsection is to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case.

S.Rep. No. 989, 95th Cong., 2d Sess. 49, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5835.

The *Whitmore* court then refers to the effect upon the § 1322(c) limitation on plan length which the *Lottman* result would have, and cites *In re Mitchell,* 93 B.R. 615 (Bankr. W.D.Tenn.1988), decided seven months after *Lottman,* in which *Nicholas* and *Lottman* were distinguished, albeit not very clearly or convincingly. The *Mitchell* court, however, also refers to the legislative history of § 349(b), and concludes that the fact that the debtor did not receive a discharge in the first of the cases enables the taxing authorities to claim the penalties and interest on tax obligations incurred prior to the first case, accrued but not claimed during the pendency of that case, in a subsequent case. The *Whitmore* court notes its belief that the effect of dismissal pursuant to § 349(b) was sufficient to bring the case before it out from under the rule of *Nicholas,* and reaches the same result as did the *Mitchell* court.

In the more recent case of *In re Lyall,* 157 B.R. 599 (Bankr.S.D.Tex.1993), the court, without discussion, reaches the same result, citing *Mitchell, Whitmore,* and *Bruning v. U.S.,* 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964), in which it was held that post-petition interest on nondischargeable tax claims is recoverable in a later action against a debtor personally.

This court notes, as is discussed in *Mitchell,* that during the pendency of a bankruptcy case, the taxing authorities nevertheless continue to accrue, for bookkeeping purposes, penalties and interest on pre-petition tax obligations. If a discharge is entered in the case, the accrued penalties and interest are abated, but if no discharge is received by the debtor, the authorities will attempt to collect the accrued amounts from the debtor after bankruptcy.

## CONCLUSION AND DECISION

■ This court is of the opinion that the failure of Congress to specifically include tax penalties and interest in the § 349(b) list of items reinstated upon dismissal does not indicate an intention *not* to reinstate them.

Actually, reinstatement would not be appropriate in any event. They were never avoided or voided during the pendency of the bankruptcy. They simply could not be allowed due to the provisions of § 502(b)(2). If the debtor received a discharge of the taxes underlying the penalty and interest, they would disappear. If not, they simply reappear, as though the bankruptcy had not intervened.

After the case is dismissed and a new case filed, the penalties and interest accrued during the previous case on tax obligations which arose prior to the filing of the earlier case are no longer unmatured. Under the language, and clear intent of § 349(b), it is as though the earlier case had never been filed.

In this court's opinion, the decision in *Lottman* is incorrect, and that court's reliance on the pre-Code decision in *Nicholas* is misplaced. So far as this court has been able to determine, in the more than six years since it was decided, *Lottman* has found no support whatever in courts faced with this issue. The contrary view has been taken by every court which has been called upon to decide this issue, beginning with *Mitchell,* decided only seven months after *Lottman,* and continuing through *Whitmore* and *Lyall.*

This court is of the view that the reasoning, rationale and result reached in those more recent cases is the more correct, and that they should be adopted.

■ Finally, the court declines to enter a discretionary order on equitable grounds, as is requested by debtor, which would have the effect of reversing what the court is convinced is the appropriate result in this case. Debtor's health problems and the death of her husband are, of course, unfortunate and obviously have made it more difficult for her to successfully complete a Chapter 13 plan. Those circumstances, however, do not indi-

vidually or collectively reach the level of "cause" required by § 349(b) in order to warrant the extraordinary relief sought by debtor here.

Based upon the foregoing, debtor's objection to the claims of OTC and IRS will be overruled, and those claims will be allowed as filed.

IT IS SO ORDERED.