In re James & Shirley IRONS.

Bankruptcy No. 93–50341 S.

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

Oct. 6, 1994.

Charles S. Embry, Jr., Little Rock, AR, for debtors.

Raymond Mulera, Tax Div., U.S. Dept. of Justice, Washington, DC, for IRS.

*ORDER DENYING MOTION TO SET
ASIDE ORDER TO ALLOW CLAIM
AND OBJECTION TO CLAIM*

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the debtor's "Motion to Set Aside Order to Allow Claim and Objection to Claim" filed on May 25, 1994. The parties have submitted a stipulation of fact and have briefed the issue of whether the United States may claim interest accruing during a prior bankruptcy case which was dismissed.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 1334. Moreover, this Court concludes that this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b) as exemplified by 28 U.S.C. § 157(b)(2)(B).

The parties stipulate that the debtors previously filed a Chapter 13 petition in bankruptcy on August 8, 1988, but that case was dismissed on August 20, 1993, without a discharge being granted. On September 10, 1993, the debtors filed their second Chapter 13 petition, and objected to the proof of claim filed by the United States for federal income taxes. The proof of claim includes interest on unpaid federal income taxes which accrued during the first chapter 13 case.

Section 349 of the Bankruptcy Code states the effect of a dismissal of a bankruptcy case, providing in part:

(b) Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title—

(1) reinstates—

(A) any proceeding or custodianship superseded under section 543 of this title;

(B) any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or preserved under section 510(c)(2), 522(i)(2), or 551 of this title; and

(C) any lien voided under section 506(d) of this title;

(2) vacates any order, judgment, or transfer ordered, under section 522(i)(1), 542, 550, or 553 of this title; and

(3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

11 U.S.C. § 349(b). This section negates, as it was intended to, the consequences of the filing of the petition in bankruptcy where the case is dismissed without discharge. *See generally In re Nash,* 765 F.2d 1410, 1414 (9th Cir.1985) (purpose of the subsection is to undo the bankruptcy case). Parties are restored to their rights and positions as they existed prior to the filing of the bankruptcy case.

In the instant case, since the debtors did not receive a discharge in their prior chapter 13 petition, the dismissal of that case negated the prior effects of the petition, including the imposition of the automatic stay which precluded interest from accruing while the debtors were in bankruptcy. Had the debtors completed their case, the debts would have been discharged. However, since they did not complete the case and it was dismissed, they are in the same position [1] as if the bankruptcy had not been filed. Likewise, the creditor is placed in the same position as if the case had not been filed such that it is entitled to calculate the interest accruing during that period. *See In re Whitmore,* 154 B.R. 314 (Bankr.D.Nev.1993) ("If the effect of the dismissal of a case is to completely 'undo' a case and to restore all parties to their pre-bankruptcy positions regardless of all interim activities undertaken and orders and judgment entered by the bankruptcy court, surely the IRS must be returned to its pre-bankruptcy position as well, including being permitted to go back and calculate interest and penalties on former pre-petition' debts.... To hold otherwise ... could, in effect, give creative debtors two consecutive three to five-year periods in which to pay off priority tax debts without the accumulation of interest."); *In re Mitchell,* 93 B.R. 615 (Bankr.W.D.Tenn.1988); *In re Groves,* 27 B.R. 866 (Bankr.D.Kan.1983); *In re Teeslink,* 165 B.R. 708, 717 (Bankr.S.D.Ga.1994). This Court rejects the oft-criticized authority to the contrary, *In re Lottman,* 87 B.R. 32 (Bankr.N.D. Ohio 1988). Inasmuch as the

United States is entitled to claim interest which accrued during the prior bankruptcy case which was dismissed without entry of a discharge, it is

**ORDERED** that the debtor's "Motion to Set Aside Order to Allow Claim and Objection to Claim" filed on May 25, 1994, is DENIED.

**IT IS SO ORDERED.**

---

1. Of course, the debt is reduced by the amount debtors in fact paid during the Chapter 13 case.