**UNITED STATES of America, Appellant,**

v.

**Henry A. HAMPTON and Nola Hampton, Appellees.**

**Civil No. LR–C–94–410.**

United States District Court, E.D. Arkansas, Western Division.

Oct. 13, 1995.

Robert D. Millstone, United States Department of Justice, Tax Division, Washington, DC, for Appellant.

Scott T. Vaughn, Hilburn, Calhonn, Harper, Pruniski & Calhoun, North Little Rock, AR, for Appellees.

## MEMORANDUM OPINION AND ORDER

GEORGE HOWARD, Jr., District Judge.

■ The United States appeals from the May 31, 1994 order of the bankruptcy court sustaining debtors' limited objection to the claims of the Internal Revenue Service (IRS) so that the IRS was limited to a claim of $38,021.75 for the years 1983 through 1988. At issue is the effect of a November 27, 1990 consent order between the parties pertaining to the IRS claims. On appeal, the Court reviews the bankruptcy court's findings of fact for clear error while reviewing the conclusions of law de novo. *In re Mathiason,* 16 F.3d 234 (8th Cir.1994).

On January 28, 1994, the parties filed the following joint stipulation of facts regarding the limited objection:

Concerning the Debtors' limited objection to the claim of the Internal Revenue Service filed on November 3, 1993, the Debtors and the Internal Revenue Service jointly stipulate the following facts in this matter:

1. In a prior bankruptcy of the Debtors, Chapter 13, Case No. LR 89–1635F, the United States Bankruptcy Court, Eastern District of Arkansas, a Consent Order was entered concerning the claims of the Internal Revenue Service. A copy of the Order is attached to this Joint Stipulation as Exhibit 1, and a copy of IRS claim referred to in para-

graph two of the Consent Order is attached as Exhibit 2. The Consent Order states in paragraph 1 that it covered all taxes for the "years 1983 through 1988, inclusive." The Consent Order allowed the Internal Revenue Service a priority claim in the amount of $26,868.78, and an unsecured general claim in the amount of $11,152.97 for a total combined claim of $38,021.75.

2. The Debtors' prior Chapter 13 case was dismissed by an order dated November 18, 1992. A copy of that order is attached to this Joint Stipulation and marked as Exhibit 3. The Internal Revenue Service received no distributions from the trustee in the prior 13 case.

3. The present Chapter 13 case was filed on April 21, 1993.

4. On or about October 6, 1993, the Internal Revenue Service filed its Amended Claims in the present Chapter 13 case. A copy of the Amended Claims is attached to this Joint Stipulation and marked as Exhibit 4. The Amended Claims totals $53,435.46; the Amended Claims include penalties in the total amount of $11,110.22.

5. On November 3, 1992, the Debtors timely filed their Limited Objection to the Amended Claims of the Internal Revenue Service. A copy of the Limited Objection is attached hereto and incorporated as Exhibit 5.

In the May 26, 1994 oral findings dictated into the record upon which the May 31, 1994 order is based, the bankruptcy court found that the $38,021.75 amount in the 1990 Consent Order controlled under 11 U.S.C. § 349(a) despite the subsequent dismissal of the Chapter 13 since the language was an agreed amount of what the debt was for those years "inclusive" and specifically disallowed the claims except as contained in that order. The pertinent parts of that Consent Order are recited below:

1. The Internal Revenue Service filed its original claim in these proceedings on January 9, 1990 and amended its claim on March 16, 1990. This Consent Order covers all taxes for the years 1983 through 1988, inclusive.

4. Except as otherwise provided in this Order, the claims of the Internal Revenue Service previously filed on January 9, 1990 and March 16, 1990 are disallowed.

**11 U.S.C. § 349. Effect of dismissal** provided: [1]

(a) Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(f) of this title.

(b) Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title—

(1) reinstates—

(A) any proceeding or custodianship suspended under section 543 of this title;

(B) any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or preserved under section 510(c)(2), 522(i)(2), or 551 of this title; and

(C) any lien voided under section 506(d) of this title;

(2) vacates any order, judgment, or transfer ordered, under section 522(i)(1), 542, 550, or 553 of this title; and

(3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

■ The bankruptcy court frankly stated that although logic and equity were in favor of the IRS and that his initial opinion was that the IRS should be allowed to go back and calculate interest and penalties on former "pre-petition" debts, the agreement of the parties as to the amount for 1983 through 1988 did not allow for interpretation and so had a res judicata effect. At pages 19–20 of

---

**1.** The 1994 Amendment that became effective on October 22, 1994, was not substantive.

the May 26, 1994 hearing transcript, the bankruptcy court states to the IRS:

> I'm going to go ahead and enter my order. It's one I don't like entering, but I'm going to enter it. And I wish you good luck if you appeal it. It's sure not going to hurt my feelings. In fact, like I said, I wrote the opinion in your favor the first time; and I got to reading that order, and I'm kind of a strict constructionist in reading it, and that's just the way that I interpreted it, even though I think it has a fallacy in it that you can't—you really didn't have a mature claim at that time on penalty and interest for the future if something happened. You'd be put back in the place you would've been in if we'd never had the bankruptcy.

The Court finds the bankruptcy court's initial opinion at pages 6–11 of the hearing transcript to be correct and so reverses the May 31, 1994 order. The analysis of *In re Whitmore*, 154 B.R. 314 (Bankr.D.Nev.1993) is accurate and is the majority view. See, *In re Irons*, 173 B.R. 910 (Bankr.E.D.Ark.1994) which adopts the *Whitmore* reasoning.

Accordingly, the May 31, 1994 order is reversed and the case is remanded to the bankruptcy court.

IT IS SO ORDERED.