**In re Leonard MOORE, Debtor.**

No. 03–35951(CGM).

United States Bankruptcy Court, S.D. New York.

March 17, 2004.

Robert Boolukos, Fishkill, NY, for Debtor.

John P. Cronan, United States Attorney's Office for the Southern District of New York, New York City, Attorney for the United States of America.

CECELIA MORRIS, Bankruptcy Judge.

Debtor Leonard Moore (the "Debtor") filed an Objection to the Internal Revenue Services' Amended Proof of Claim for the payment of penalties and interest on the Debtor's 1995 tax obligation, arguing that the tax debt was satisfied during the pendency of a prior Chapter 13 filing. The Internal Revenue Service (the "IRS") responds that Debtor's previous filing was dismissed, and as no discharge was granted to Debtor, 11 U.S.C. § 349(b)(3) permits the IRS to seek interest and penalties that accrued during the period that Debtor was under the protection of Chapter 13 of the Bankruptcy Code even if the principal amount of the tax was repaid during the prior bankruptcy case. For the reasons set forth below, the Court holds that Debtor is required to pay interest and penalties on a satisfied tax obligation when debtor did not receive a discharge in his previous Chapter 13 filing.

## *JURISDICTION*

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Standing Order of Reference signed by Acting Chief Judge Robert J. Ward dated July 10, 1984. Allowance or disallowance of claims against

the bankruptcy estate are "core proceedings" under 28 U.S.C. § 157(c)(2)(B).

## BACKGROUND FACTS

The Debtor filed this bankruptcy case under Chapter 13 of the United States Bankruptcy Code on April 23, 2003. This is Debtor's third bankruptcy filing. Debtor filed his first Chapter 13 case on August 18, 1998, which was dismissed on February 19, 1999 prior to confirmation of a Chapter 13 plan. Debtor filed a second petition under Chapter 13 of the Bankruptcy Code on March 1, 1999. The second Chapter 13 filing was dismissed, without Debtor's having been granted a discharge, on January 8, 2003, a significant period of time after plan confirmation. Debtor had completed almost 3 years of plan payments at the time of the dismissal of his second Chapter 13 filing, during which time the priority unsecured claims underlying the IRS' claim were paid in full. The Trustee's final report indicates that the IRS was paid a total of $39,850.02 during Debtor's second Chapter 13 case pursuant to the confirmed plan.[1]

The IRS filed an amended proof of claim in Debtor's current bankruptcy case for $25,159.84, representing amounts owed by the Debtor, according to the IRS, for unpaid interest and penalties due on the tax obligation satisfied in Debtor's second Chapter 13 filing. Specifically, the IRS alleges that "[d]uring the pendency of Debtor's 1999 Bankruptcy, Debtor made payments and eventually satisfied his principal tax obligation for the tax year 1995. Additional penalties and interest, however, continued to accrue during this period for as long as he had an unpaid tax balance that was not discharged ..."[2]

Debtor has objected to the amended IRS proof of claim as having been paid in full in the previous bankruptcy filing. Debtor argues that interest could not have accrued during the pendency of the previous bankruptcy because such accrual would be a violation of the stay,[3] and as the debt to the IRS was paid in full prior to the dismissal of his second Chapter 13 case, no interest should have accrued during the pendency of the prior bankruptcy proceeding. See 11 U.S.C. § 502(b)(2). The IRS counters that because Debtor did not receive a discharge in his second Chapter 13 filing, the IRS is entitled to calculate interest and penalties that accrued during the previous bankruptcy filings. As the parties agree that the principal owed on the tax obligation was fully paid in the Debtor's second bankruptcy filing, the only question to be resolved is one of law, not fact. The issue that the Court must determine is whether the IRS may collect penalties and interest that accrued during a prior bankruptcy filing, which did not result in a discharge, against a Debtor who has fully satisfied the underlying tax obligations in that previous bankruptcy filing.

## DISCUSSION

### Allowance of Unmatured Interest under 11 U.S.C. § 502(b)(2)

■ 11 U.S.C. § 502(b)(2) prohibits the IRS from making a claim for unmatured interest. "The court, after notice and a hearing, shall determine the amount of

1. The Internal Revenue Service, by its attorney, David N. Kelley of the United States Attorney's office for the Southern District of New York, does not deny Debtor satisfied his principal tax obligation for 1995.

2. Declaration of Valerie Skrzynski, p. 2, ¶ 8.

3. that the mere accrual of interest on a post-petition claim constituted a violation of the automatic stay pursuant to 11 U.S.C. § 362(a).

such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that ... (2) such claim is for unmatured interest." The Bankruptcy Code does not provide a definition for what constitutes "unmatured interest" but case law has defined it as interest that is not yet due and payable at the time the debtor filed its bankruptcy petition, *see Thrifty Oil Co. v. Bank of America National Trust & Savings Assoc. (In re Thrifty Oil Co.)*, 249 B.R. 537, 543 (S.D.Ca.2000); or that has not been "earned" as of the filing of the bankruptcy petition, *see In re United States Lines, Inc.*, 199 B.R. 476, 481 (Bankr.S.D.N.Y. 1996). The rationale for denying post-petition interest as a claim against a bankruptcy estate is "avoidance of unfairness as between competing creditors and the avoidance of administrative convenience ... due to the fact ... that assets are generally insufficient to pay debts in full ... in case funds are not sufficient to pay claims of equal dignity, the distribution is made only on the basis of principal debt." *See Bruning v. U.S.*, 376 U.S. 358, 362–363, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964). This policy is not implicated when a creditor with a non-dischargeable debt moves against the discharged debtor personally, as opposed to against property of the estate which must be shared equally among all claimants. Thus claims for nondischargeable interest survive a debtor's discharge as a personal obligation of the individual debtor.

Therefore, Debtors in cases under Chapter 7 and 11 of the Bankruptcy Code must eventually pay interest on nondischargeable indebtedness, even after obtaining their discharge. This includes interest on nondischargeable tax debt. *See Bruning*, 376 U.S. at 360, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964) ·(Debtor remained personally liable for interest on nondischargeable tax

obligation after his discharge). This is so because even if the tax claim is paid in full, the interest on the claim is itself non-dischargeable. Therefore, such interest continues to accrue during the pendency of the bankruptcy proceeding and reappears after discharge as a personal liability of the Debtor. *See Internal Revenue Service v. Cousins (In re Cousins)*, 209 F.3d 38, 41 (1st Cir.2000).

The difference in the Chapter 13 context is worth examination because interest and penalties on a tax debt are dischargeable pursuant to 11 U.S.C. § 1328(a)(2). As stated, post-petition interest on pre-petition tax claims is not paid through the Chapter 13 plan, because it is not matured. *See In re Ridgley*, 81 B.R. 65, 69–70 (Bankr.D.Or.1987). Furthermore, the interest on the tax would *not* inevitably become the Debtor's personal liability as it would in a Chapter 7 or 11 case, because the post-petition, unmatured interest would be discharged under Section 1328(a)(2). The issue in the Court's view is whether the interest and penalties being charged to the Debtor *matured* such that the IRS may now assert a claim in the current bankruptcy claim for the sum sought, in light of the fact that the underlying tax debt was paid by Debtor before dismissal of his case, and because the interest on the tax *would have been* discharged had a discharge been obtained.

■ Chapter 13 provides more liberal discharge provisions than the other Chapters of the Bankruptcy Code, "[p]resumably ... because Congress wanted to reward debtors who elected to reorganize instead of liquidate, thereby benefiting creditors." *See In re Quick*, 152 B.R. 902, 908 (Bankr.W.D.Va.1992). Debtor herein did not obtain the expansive discharge provided by Chapter 13. The question remains whether the interest that accrued

during the previous Chapter 13 matured, as the Debtor paid the entire indebtedness prior to dismissal of the second filed Chapter 13. The Court (reluctantly) holds that it did. "The quid pro quo for the more favorable discharge provisions, however, is **completion** of the chapter 13 plan." *See Quick, supra,* 152 B.R. at 908 (emphasis added). When the Debtor's Chapter 13 case was dismissed without a discharge, the interest became due and properly payable. Thus when Debtor filed the instant petition, the interest that accrued during the second Chapter 13 filing was fully matured and therefore payable.

### The Application of 11 U.S.C. § 349(b)

The IRS argues that 11 U.S.C. § 349(b) dictates that Debtor must pay interest on the taxes satisfied in the earlier Chapter 13 filing. 11 U.S.C. § 349(b)(3) provides "Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title ... (3) revests the property of the estate in the entity which such property was vested immediately before the commencement of the case under this title." "The basic purpose of the subsection is to undo the bankruptcy case, as far as is practicable, and to restore *all* property rights to the position in which they were found at the commencement of the case." (H.R.Rep. No. 595, 95th Cong., 1st Sess. 338 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 48–49 (1978), U.S.Code Cong. & Admin.News 1978, 5963, 6294, 5787, 5835)(emphasis supplied). The IRS' position is that if the bankruptcy had not been filed, the IRS would have charged Debtor interest and penalties on the outstanding taxes. The Court does not think that application of 11 U.S.C. § 349(b) is necessary to the analysis. "Actually, reinstatement [of interest on debtor's tax debt pursuant to § 349(b)] would not be appropriate in any event ... they simply were not allowed due to the provisions of

§ 502(b)(2)." *See In re Hess,* 173 B.R. 426, 429 (Bankr.W.D.Ok.1994). It is a torturous reading of Section 349(b) that leads to the IRS' conclusion that the allowance of interest on a tax claim places the parties where they would have been had the bankruptcy not been filed—arguably, the IRS would not have been paid had the case not been filed. The Court thinks the better analysis is that of the *Hess* court and finds instead that 11 U.S.C. § 502(b)(2) prohibited the payment of interest through Debtor's plan. When the Debtor did not obtain a discharge in his second Chapter 13 filing, the interest due on his tax debt matured upon dismissal of his case, and the interest was due and payable when the third case was filed. It is therefore properly claimed against his estate in the present filing. "If the debtor received a discharge of the taxes underlying the penalties and interest, they would disappear. If not, they simply reappear, as though the bankruptcy had not intervened." *See Hess,* 173 B.R. at 429. The IRS' claim for interest and penalties that accrued during the earlier case is therefore allowed.

The weight of authority is in favor of the IRS' position. *See e.g. In re Hess,* 173 B.R. 426 (Bankr.W.D.Okla.1994); *In re Kirnie,* 1993 WL 128158 (Bankr.E.D.Pa. 1993); *In re Mitchell,* 93 B.R. 615 (Bankr. W.D.Tenn.1988). All of these cases were filed under Chapter 13 of the Bankruptcy Code and dealt with claims for interest in which all or a portion of the underlying tax debt was paid in an earlier filed Chapter 13 case. Despite the existence of these cases and the well-settled principals discussed in this opinion, the Debtor's counsel stated in his Objection to Claim that "[a]s far as Debtor's counsel can tell, this may be a case of first impression on the limited facts before this Court." In fact, there was one case expressing on-point authority in favor of Debtor's position, *see In re*

*Lottman,* 87 B.R. 32 (Bankr.N.D.Ohio 1988), as well as considerable authority in the aforementioned cases cited supporting the IRS' position. The Court commends the United States Attorney for bringing this authority to the Court's attention in compliance with its ethical obligations under the New York State Code of Professional Responsibility. *See* New York Code of Prof. Resp., EC–7–23 (McKinney 2003)("Where a lawyer knows of controlling legal authority directly adverse to the position of the client, the lawyer should inform the tribunal of its existence unless the adversary has done so; but, having made such disclosure, the lawyer may challenge its soundness in whole or in part.").

## CONCLUSION

The Debtor's objection to the IRS amended proof of claim is overruled. The Court has considered the Debtor's other arguments and finds them to be without merit. The United States is to submit an order consistent with the Court's holding herein.